In re the Marriage of Kathryn Anne
SCOTT, petitioner, Appellant,

v.

William George SCOTT, Respondent.

No. CO–83–1714.

Court of Appeals of Minnesota.

July 17, 1984.

Lauren K. Maker, Minneapolis, for appellant.

Phillip Gainsley, Moss & Barnett, PA.,
Minneapolis, for respondent.

Heard, considered and decided by FO-
LEY, P.J., and SEDGWICK and RAN-
DALL, JJ.

## OPINION

FOLEY, Judge.

Petitioner, Kathryn Anne Scott, appeals
from the denial of an increase in child

support. Appellant argues that the trial court abused its discretion by denying an increase because (1) respondent's earnings have increased substantially and his expenses have not, (2) the needs of appellant and the children have increased substantially, and (3) the cost of living has increased substantially. We agree. Affirmed in part, reversed in part and remanded with directions.

## FACTS

Under a June 1977 court order, respondent pays $160 per month as child support for the Scotts' two children, now ages 13 and 14. In 1977 appellant's net income, including support, totalled $585 per month while her basic living expenses (rent, food and medical expenses) totalled $365 per month. Respondent's 1977 net income was $841 per month.

In 1983 appellant's net income, including support, totalled $864 per month while her basic living expenses had increased to $943 per month. Appellant's total monthly budget is $1151. Respondent's net income as a police officer is $1467 per month. His basic living expenses (house payment, house expenses and food) are approximately $745 per month while his total monthly budget is $1492.

Appellant states that the consumer price index increased 63.3% between 1977 and 1983.

A Hennepin County Family Court Referee denied both appellant's motion to increase child support and respondent's motion to modify the order to reflect the current age of majority. The referee did amend the order to require respondent to maintain a policy of medical insurance for the benefit of the two minor children. Upon appellant's motion, the district court reviewed the order. The order was affirmed and this appeal followed.

## ISSUE

■ Did the trial court err in refusing to award appellant an increase in child support where the record shows a substantial increase in both the needs of the children and the net income of the non-custodial parent making the terms of the support order unreasonable and unfair?

## ANALYSIS

*Standard of review:*

In the recent opinion of *Halper v. Halper,* 348 N.W.2d 360 (Minn.Ct.App.1984), this court stated:

> Trial courts are given broad discretion regarding child support matters. The Minnesota Supreme Court has stated, however, that "[w]here the critical evidence is documentary, there is no need for us to defer to the trial court's assessment of its meaning."

*Id.,* at 363.

*Relevant Statute:*

Minn.Stat. § 518.64, subd. 2 (Supp.1983), explains when a support order may be modified:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; *or* (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

(Emphasis supplied).

*(a) Substantial increase in respondent's income?*

The evidence shows that respondent's 1983 net income was $1467 per month out of a gross monthly income of $2,383. Respondent's net income has increased about 74% since 1977, (when the support for the two children was set at $160 per month).

Appellant's 1983 net monthly income, including support, was $864, an increase of 47% over her 1977 net income.

■ Although the trial court findings note the respective incomes of the parties, the trial court failed to conclude whether there had been a substantial increase in the income of either or both parties. We hold that respondent's 74% increase in net income constitutes a "substantial increase" in income.

*(b) need of appellant has substantially increased?*

Although proof of a substantial increase in respondent's income was sufficient in this case to entitle appellant to an increase in child support, we cannot ignore the trial court's error in finding no increase in appellant's needs.

■ The unrefuted evidence shows that appellant's net income of $864 per month (including support) does not even cover the basic necessities of appellant and the two teenage children. Appellant's rent, food and medical expenses total over $943 per month. These basic expenses have increased approximately 160% since 1977.

Despite this evidence, the trial court found "there has been no substantial increase in the financial needs of the respondent which makes the child support as ordered therein unreasonable or unfair."

The trial court finding is erroneous. Appellant has demonstrated a substantial increase in need making the terms of the 1977 support order unfair and unreasonable.

*Consideration of irrelevant factors:*

■ Since the trial court failed to recognize the substantial increase in respondent's net income and the substantial increase in the children's needs, its denial of appellant's motion must have been based on an irrelevant factor. Specifically, the trial court denial was based on its finding that "respondent is remarried and is supporting his wife and their minor child from this marriage."

Although a trial court reviewing a motion for modification may properly consider whether respondent's needs have substantially increased, Minn.Stat. § 518.64, subd. 2, respondent did not argue that his needs have substantially increased and the trial court made no such finding. Instead, respondent asserted that he lives on a tight budget and cannot afford to pay any more in support. We note, however, that respondent's budget failed to reflect any anticipated income from his wife's employment as a real estate agent and from his occasional employment as a security officer. Respondent's net income covers his basic living expenses, other expenses, and even short-term credit obligations. In addition, his biweekly pay stub shows a $100 credit union deduction.

■ Respondent also claims that he has structured his life with the assumption that child support would remain at $160 per month. This is not a valid reason to deny appellant an increase in support. As we recently stated: "Whenever possible, the court should minimize the financial consequences of the dissolution for the child." *Kriedler v. Kriedler*, 348 N.W.2d 780, 785 (Minn.Ct.App.1984).

## DECISION

Appellant is entitled to an increase in child support because she has shown a substantial increase in respondent's net income and a substantial increase in the needs of herself and the children which make the terms of the 1977 order unreasonable and unfair. We reverse the trial court order denying appellant an increase in child support.

We affirm the portion of the trial court order which requires respondent to maintain a policy of medical insurance for the benefit of the two minor children. The monthly cost of this insurance may be deducted from the support if respondent can verify to the trial court the amount he pays for this coverage and the trial court has not already considered this expense in calculating net income. No deduction will be

allowed if the respondent incurs no direct cost for the children's coverage.

Affirmed in part, reversed in part and remanded with directions to increase the support order to $150 per month per child (a total of $300 per month), less respondent's expenses in providing medical insurance coverage for the minor children, if appropriate.