**In re the Marriage of Linda Marie THIELBAR, f.k.a. Linda Marie Defiel, Petitioner, Appellant,**

v.

**Ricardo John DEFIEL, Respondent.**

No. C6–85–1611.

Court of Appeals of Minnesota.

Dec. 10, 1985.

Robert J. Bruno, Burnsville, for appellant.

David L. Grannis, III, South St. Paul, for respondent.

Considered and decided by POPOVICH, P.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Linda Thielbar (formerly Linda Defiel) appeals from an order denying her motion for an increase in child support.

Appellant moved for modification due to changed circumstances pursuant to Minn. Stat. § 518.64 (1984), requested support to be set in conformance with the child support guidelines, and requested a biennial cost-of-living adjustment of child support pursuant to Minn.Stat. § 518.641, subd. 5 (1984). The trial court refused to increase child support but ordered cost-of-living adjustments. The trial court did not specify which cost-of-living index was to be used. We affirm in part and remand in part.

## FACTS

In 1983, the parties' dissolution judgment awarded custody of the parties' minor child to appellant and ordered respondent, Ricardo Defiel, to pay $100 per month child support. The trial court found appellant's net annual income to be $7,640 ($639 per month), and respondent's net annual income $7,440 ($620 per month). The judgment was based on the parties' stipulation.

On appellant's current motion for an increase in child support, the trial court made no findings regarding the parties' current incomes and expenses, or the needs of the child. Appellant claims that respondent's net monthly income is $1,060.94,[1] an increase of 71% since the dissolution.

Respondent claims that his net monthly income is $908.29, an increase of 46%.[2] Respondent claims that his total monthly expenses are $1,139.

Appellant's net monthly income is now $796.33, a 25% increase. She has remarried, and her husband, Douglas Thielbar, earns approximately $1,200 gross per month. There is no evidence of Douglas Thielbar's net income.

The needs of the child and respondent were not addressed in the dissolution judgment. As part of her motion, appellant did not address her current needs directly but had a list of expenses including $240 per month for child care and $30 per month for school and allowance. Nothing in the record indicates whether or not this is an increase in the child's needs since the original judgment. Appellant claims that her and her husband's monthly expenses total $2,894.86.

## ISSUES

1. Did the trial court abuse its discretion in denying appellant's motion for increased child support?

2. Did the trial court err in not specifying which cost-of-living index applies in determining increases in child support based upon the cost of living?

## ANALYSIS

### I.

*Increase in child support.*

■ Minn.Stat. § 518.64, subd. 2 (1984) governs modification of child support:

The terms of a decree respecting maintenance or support may be modified upon

---

1. This figure is based on Defiel's pay stub showing his 1985 earnings through April 5, 1985. This pay stub shows that Defiel put in 8.25 hours overtime in the two weeks ending April 5th.

2. This figure is based on Defiel's basic wage rate of $7.08 per hour, assuming no overtime. A letter from Defiel's employer states "we will not have any significant overtime during 1985."

a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * * or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

The custodial parent must first show one of the statutory grounds for modification, *and* must then show that the changes make the original support award unfair and unreasonable. *Derence v. Derence,* 363 N.W.2d 86, 88 (Minn.Ct.App.1985). Custodial parents commonly show unreasonableness and unfairness by demonstrating that the custodial parent's needs have increased. *See e.g., Scott v. Scott,* 352 N.W.2d 62 (Minn.Ct.App.1984).

This court will not reverse child support modification decisions unless the trial court clearly abused its discretion. *Johnson v. Johnson,* 304 Minn. 583, 232 N.W.2d 204 (1975), *cited in Vitalis v. Vitalis,* 363 N.W.2d 57, 59 (Minn.Ct.App.1985).

■ The trial court did not abuse its discretion in declining to increase child support. Although appellant produced some evidence of an increase in respondent's income, she did not produce evidence that the increased earnings make the original support award unfair and unreasonable. She did not demonstrate that the needs of the minor child had changed significantly since the dissolution granted just two years prior to her present motion. Appellant has the burden of proof, *Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984) (citation omitted), and did not carry it.[3] She produced no evidence that current child care costs, or any of her other budget items, are significantly higher than at the time of the dissolution in 1983. The record

fails to disclose any evidence on which a finding of unfairness and unreasonableness could be based.

■ Appellant argues that, because she showed a 71% increase in respondent's earnings, as a matter of law, child support must be increased. *Scott v. Scott,* 352 N.W.2d 62, 64 (Minn.Ct.App.1984) did state that a 74% increase in the noncustodial parent's net income entitled a custodial parent to an increase in child support. *Id.* However, *Scott* went on to hold that "[a]ppellant has demonstrated a substantial increase in need making the terms of the 1977 support order unfair and unreasonable." *Id.* There the custodial parent demonstrated increased needs making the original award unfair and unreasonable. *Scott* does not remove § 518.64's requirement that the moving party demonstrate unfairness and unreasonableness in addition to showing one of the four statutory grounds for modification. We have held that the moving party must prove unreasonableness and unfairness separately from changed circumstances. *Derence v. Derence,* 363 N.W.2d at 88. A substantial increase in income *alone* is not sufficient to increase child support. Custodial parents must satisfy the two-pronged test.

## II.

*Cost-of-living.*

■ Appellant claims that the trial court erred in not specifying which cost-of-living index to use. The trial court ordered: "Monthly child support shall be based upon a change in the cost of living index pursuant to M.S.A. 518.641."

Minn.Stat. § 518.641, subd. 1 (1984) states:

An order for child support *shall* provide for a biennial adjustment in the amount to be paid based on a change in the cost-of-living. The order *shall* specify the cost-of-living index to be applied. The court may use the consumer price

---

**3.** In view of our holding that appellant failed to carry her burden of proof, we do not address the trial court's lack of specific findings as to

specific current income and expenses of the parties.

index for all urban consumers, Minneapolis-St. Paul (CPI–U), the consumer price index for wage earners and clerical, Minneapolis-St. Paul (CPI–W), or another cost-of-living index published by the department of labor which it specifically finds is more appropriate.

(Emphasis added.) The statute requires specification of an index. We remand for the trial court to specify the cost-of-living index to be applied.

## DECISION

The trial court did not abuse its discretion in denying appellant's motion for increased child support. Appellant failed to present sufficient facts to the court to prove the original child support award had become unreasonable and unfair. The trial court erred in not specifying which cost-of-living index applies to child support.

Affirmed in part and remanded in part.