**Laurel Anne BORMANN, n/k/a Laurel Anne Spence, Petitioner, Appellant,**

v.

**Jon Bernard BORMANN, Respondent.**

**No. C1–01–1947.**

Court of Appeals of Minnesota.

May 21, 2002.

**480**

Martin L. Swaden, Edina, MN, for appellant.

Daniel J. Goldberg, Messerli & Kramer, P.A., Minneapolis, MN, for respondent.

Considered and decided by G. BARRY ANDERSON, Presiding Judge, HARTEN, Judge, and STONEBURNER, Judge.

## OPINION

### G. BARRY ANDERSON, Judge.

Appellant mother challenges the district court's order denying her motion to modify child support. Because the district court's findings were insufficient to support its conclusion that mother failed to show that the current support order was unreasonable and unfair, we reverse and remand.

## FACTS

The marriage of mother Laurel Anne Bormann, n/k/a Laurel Anne Spence, and father Jon Bernard Bormann was dissolved on April 27, 1992. The parties have one child, S.B., born in 1988. At dissolution, the district court found that father's gross annual income was approximately $10,000. The dissolution decree awarded the parties joint physical and legal custody of S.B. The parties stipulated that father would pay $440 monthly in child support. In August 2001, the district court ordered that S.B. be allowed to reside with mother for approximately nine months each year.

On September 17, 2001, mother moved for a modification of child support, contending that father's increased income constituted a significant change in circumstances making the current support order unreasonable and unfair. The parties agreed in affidavits that father's gross annual income had increased to approximately $175,000. Father agreed to pay guidelines child support under Minn. Stat § 518.551, subd. 5(b) (2000 & Supp.2001), but requested that his annual obligation be offset proportionally for the three months S.B. resided with him each year.

On October 10, 2001, the district court denied mother's motion to modify child support. The court did not make a specific finding concerning father's current net earnings or concerning whether father's increased income constituted a substantial change in circumstances under Minn.Stat. § 518.64, subd. 2 (Supp.2001). The court found that mother had provided insufficient information about her own earning capacity to allow the court to determine her offsetting support obligation. The court concluded that mother had therefore failed to meet her burden of proof to demonstrate that the original support order was unreasonable and unfair. This appeal followed.

## ISSUE

I.  Did the district court err by ruling that mother failed to show that father's existing support obligation was unreasonable and unfair?

## ANALYSIS

A district court may modify an existing award for child support if the

moving party shows a substantial change in circumstances that renders the award unfair and unreasonable. Minn.Stat. § 518.64, subd. 2 (Supp.2001); *Richards v. Richards,* 472 N.W.2d 162, 164 (Minn.App. 1991). The moving party has the burden of proof in support-modification proceedings. *Johnson v. Johnson,* 304 Minn. 583, 584, 232 N.W.2d 204, 205 (1975). In deciding whether to modify support, the district court enjoys broad discretion and will be reversed only if it abuses that discretion by resolving the question in a manner that is against logic and the facts in the record. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986).

■ On appeal, mother did not provide this court with a transcript of the child support modification hearing. Therefore, our review is limited to determining whether the findings support the district court's conclusions of law. *Mesenbourg v. Mesenbourg,* 538 N.W.2d 489, 494 (Minn. App.1995); *see also* Minn. R. Civ.App. P. 110.02, subd. 1; *Duluth Herald & News Tribune v. Plymouth Optical Co.,* 286 Minn. 495, 498, 176 N.W.2d 552, 555 (1970).

I.

■ The district court found that father's gross annual income had increased "dramatically" but did not specifically address whether that increase was "substantial" under Minn.Stat. § 518.64, subd. 2(a). The district court then denied mother's motion to modify father's child support obligation, reasoning that mother had failed to show father's existing support obligation to be unreasonable and unfair. Minn.Stat. § 518.64, subd. 2(a) presents a two-pronged threshold for modification: support cannot be modified absent findings of *both* substantially changed circumstances *and* that the substantially changed circumstances render the existing support award unreasonable and unfair. Minn.

Stat. § 518.64, subd. 2(a). To fully address the modification motion, a district court that finds that circumstances have substantially changed *must* then address whether those changed circumstances render the existing award unreasonable and unfair, but a finding of the lack of either threshold condition for modification renders a finding on the other threshold condition unnecessary.

■ Here, because the district court denied modification after finding that mother had not shown father's existing support obligation to be unreasonable and unfair, it did not have to address whether circumstances had changed substantially. *See Erickson v. Erickson,* 385 N.W.2d 301, 303 (Minn.1986) (holding support modification findings inadequate where district court found substantial increase in obligor's income but did not address whether the increased income rendered existing support obligation unreasonable and unfair); *Thielbar v. Defiel,* 378 N.W.2d 643, 645 (Minn.App.1985) (affirming refusal to increase support obligation where moving party presented "some" evidence that obligor's income increased but "did not produce any evidence that the increased earnings ma[d]e the original support award unreasonable an unfair"). Our analysis must therefore focus on whether the district court correctly ruled that mother failed to show father's existing support obligation to be unreasonable and unfair.

■ The district court ruled that mother failed to show father's existing support obligation to be unreasonable and unfair because mother did not submit enough information regarding her own finances to allow the district court to determine her support obligation and hence the amount by which to reduce father's support obligation under the Hortis/Valento child support formula. The Hortis/Valento formula, however, requires calculation of

two *separate* support obligations, one for each parent (for the time the child is with the other parent) and then the offsetting of those obligations against each other to arrive at a net payment for the party with the greater obligation. *See Schlichting v. Paulus*, 632 N.W.2d 790, 792–93 (Minn. App.2001) (describing Hortis/Valento formula). Determining a support obligation is generally a function of the *obligor's* net monthly income. *See* Minn.Stat. § 518.551, subd. 5(b) (showing guideline support to be a function of obligor's net monthly income). Therefore, the district court's stated inability to calculate mother's support obligation is consistent with the limited financial information she presented to the district court.

■ Determining whether an existing support obligation is unreasonable and unfair, however, generally involves (but is not necessarily limited to) a comparison of the obligor's existing obligation with what the obligation would be if it were modified. *Cf.* Minn.Stat. § 518.64, subd. 2(b)(1) (creating rebuttable presumption that existing support obligation is unreasonable an unfair if modified obligation is 20% and $50 higher or lower than existing obligation). Thus, while the district court's inability to calculate *mother's* support obligation may be relevant to its determination of the *net* support payment between the parties, that inability it is not dispositive regarding whether father's existing support obligation is unreasonable and unfair. For this reason, the lack of information regarding mother's finances is an inadequate basis upon which to conclude that mother failed to prove that father's support obligation was unreasonable and unfair.

■ We therefore reverse the district court's ruling, and remand for the district court to specifically address whether there has been a substantial change in father's income and, if so, whether that change

rendered father's existing support obligation unreasonable and unfair. In doing so, the district court shall make findings adequate to explain its ruling and adequate to allow appellate review. *See* Minn.Stat. § 518.64, subd. 2(c)(1) ("[o]n a motion for modification of support, * * * *the court* * * * shall apply" the factors relative to the parties' needs and resources and the child's needs (emphasis added)); *Stephens v. Stephens*, 407 N.W.2d 468, 471 (Minn. App.1987) (district court's conclusion as to fairness of original support order must be based on findings regarding the needs and resources of the parents and children); *Martin v. Martin*, 382 N.W.2d 920, 922 (Minn.App.1986) (noting district court's failure to make findings on the present net income of the parties and the needs of the children prevents proper review of a motion to modify support). The requirement that district courts make particularized findings on child-support issues ensures effective appellate review and "offers children and both parents the benefits of a careful, complete judicial analysis of support obligations." *Quaderer v. Forrest*, 387 N.W.2d 453, 459 (Minn.App.1986) (Crippen, J., concurring specially).

■ Mother also argues that any modification of the original support order should be made retroactive to September 17, 2001, the date mother served the motion on father. A modification of support is generally retroactive to the date the moving party served notice of the motion on the responding party. *See* Minn.Stat. § 518.64, subd. 2(d) (stating district court may make support modification retroactive to date motion was made retroactive). Here, the record shows mother served her motion on father on September 17, 2001. Because none of the exceptions to the general rule are alleged to be applicable here, and because there is no indication that the district court otherwise exercised its dis-

cretion to make the modification effective as of a different date, any modification to the support award shall therefore be retroactive to that date.

## DECISION

We reverse the determination that mother's failure to provide her own financial information is fatal to her motion to modify father's support obligation and remand for the district court to readdress the question and to make findings explaining its resolution of the motion. Whether to reopen the record on remand shall be discretionary with the district court and the district court shall have discretion to resolve any problems in determining a net support payment created by any continued failure by mother to produce her financial information.

**Reversed and remanded.**