*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0237**

In re the Matter of:
Karen Brys n/k/a Karen Warn, petitioner,
Appellant,

vs.

Timothy Peterson,
Respondent.

**Filed September 8, 2014
Affirmed
Toussaint, Judge**[*]

Hennepin County District Court
File No. 27-PA-FA-000047882

Karen Warn, Owatonna, Minnesota (pro se appellant)

Jeremy P. Knutson, Knutson Law Office, LLC, Mendota Heights, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Rodenberg, Judge; and Toussaint, Judge.

**U N P U B L I S H E D   O P I N I O N**

**TOUSSAINT**, Judge

Respondent Timothy Peterson initially appealed a child support magistrate's decision to deny a child-support modification. We reversed the decision and instructed

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

the magistrate to modify the obligation to reflect the Minnesota child-support guidelines. Karen Warn, appellant in this case, challenges the magistrate's order on remand implementing our instructions and the magistrate's setting the effective date of the modification to the time when Peterson first moved to modify his support obligation. Because the magistrate properly followed our instructions on remand and did not abuse her discretion in setting the effective date to the date of the initial motion, we affirm.

## D E C I S I O N

### I.

Warn contends that the child support magistrate (CSM) erred by imposing a guidelines-amount child-support obligation in December 2013. She asks us to vacate the order, declaring that it caused undue hardship and that it was manifestly unjust. But res judicata prohibits Warn's challenge.

We review de novo whether res judicata prohibits a challenge. *Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011). Res judicata prohibits a party from relitigating a claim. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004). It prevents parties from relitigating all claims that arose from the same circumstance, even if raised under new legal theories. *Id.* It applies when four elements are met: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Id.* at 840.

In August 2013, we determined that a CSM abused its discretion when she denied respondent Timothy Peterson's motion for support modification. *Warn v. Peterson*, No.

2

A12-2313, 2013 WL 4404594, at *2 (Minn. App. Aug. 19, 2013), *review denied* (Minn. Oct. 23, 2013). We found that an above-guidelines support obligation was unfair and unreasonable, so we reversed and remanded the case, instructing the CSM to impose an obligation at the guidelines amount. *Id.* Implicit in our finding was that the guidelines amount did not cause an extreme hardship or result in manifest injustice. No facts underlying that decision have changed: the same parties are involved, there was a final judgment on the merits, and Warn had the opportunity to argue and litigate this issue at all stages of litigation. To the extent that Warn disagrees with our previous decision, we reject her challenge because we do not reconsider previous opinions. Minn. R. Civ. App. P. 140.01; *see In re Estate of Sangren*, 504 N.W.2d 786, 788 n.1 (Minn. App. 1993) (refusing to consider an issue on cross-appeal that was ruled on previously by a special term panel), *review denied* (Minn. Oct. 28, 1993).

Further, by setting the amount of the child support at the guidelines amount, the CSM was doing only what we had directed. A CSM's "duty on remand is to execute the mandate of the remanding court strictly according to its terms." *Bauerly v. Bauerly*, 765 N.W.2d 108, 110 (Minn. App. 2009) (quotation omitted). To do anything different would be an abuse of the CSM's discretion. *See id.* at 110-11. The CSM properly implemented our instructions. She therefore did not abuse her discretion.

**II.**

Warn maintains that the CSM also abused her discretion by setting the effective date of the modification as May 1, 2012—just a few days after Peterson moved to modify his support obligation. Our previous ruling directed only the amount of child support; we

3

were silent as to an effective date. The district court possesses broad discretion to make decisions on child support, and we will not reverse a decision unless it represents a clear abuse of the district court's discretion. *Rose v. Rose*, 765 N.W.2d 142, 145 (Minn. App. 2009). This includes setting the effective date of support modification. *Finch v. Marusich*, 457 N.W.2d 767, 770 (Minn. App. 1990). We will reverse only if the decision is against logic and the facts on the record. *Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002). We apply the same standards to a CSM's unreviewed order that we do when reviewing a district court's order. *See id.* at 348.

Under Minnesota Statutes section 518A.39, subdivision 2(e) (2012), "A modification of support . . . may be made retroactive . . . from the date of service of notice of the motion on the responding party." While the "may" in the statute is permissive rather than mandatory, *see* Minn. Stat. 645.44, subd. 15 (2012), the appellate courts have previously held that the modification should be retroactive to the date of notice of the motion unless the district court specifies another date supported by factual findings or a statute directs an alternate date, *Lee v. Lee*, 775 N.W.2d 631, 643 (Minn. 2009); *Bormann v. Bormann*, 644 N.W.2d 478, 482–83 (Minn. App. 2002). The CSM made the modification retroactively effective as of May 1, 2012, the beginning of the month following Peterson's initial motion. The CSM's decision did not go against logic. The CSM did not abuse her discretion.

**Affirmed.**