*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0752**

Jessica Leah Weiss, petitioner,
Respondent,

vs.

Alfred Aaron Griffin,
Appellant.

**Filed January 12, 2015
Affirmed
Chutich, Judge**

Hennepin County District Court
File No. 27-PA-FA-08-558

Katie M. Jarvi, Linnan & Elsmore Law Firm, St. Paul, Minnesota (for respondent)

Damon L. Ward, Ward Law Group, Minneapolis, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Reilly, Judge; and Toussaint, Judge.[*]

### UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Alfred Griffin argues that the district court abused its discretion when it did not make findings, as this court ordered on remand, regarding the best interests of his

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

daughter and specifically where she should attend school. Because the district court did not abuse its discretion under the unique circumstances present here, we affirm.

## FACTS

Appellant Alfred Griffin and respondent Jessica Weiss are the unmarried parents of a daughter, S.W.G. Griffin was adjudicated S.W.G.'s father in a paternity proceeding. In 2010, Griffin and Weiss were awarded temporary joint legal and physical custody of S.W.G. In July 2012, Weiss filed a motion requesting that S.W.G., who was entering kindergarten that fall, attend elementary school in Maple Grove. Griffin opposed the motion, claiming that it was in the best interests of S.W.G. to attend school in Eden Prairie. In its two-sentence order, the district court ruled that "[S.W.G.] will go to the Maple Grove school district." Griffin appealed the district court's order.

On October 28, 2013, we remanded the issue of where S.W.G. will attend school "to permit the district court to make findings that demonstrate its consideration of relevant [best interests] factors." *Weiss v. Griffin*, No. A12-1899, 2013 WL 5777895, at *2 (Minn. App. Oct. 28, 2013). The next day, Griffin sent a letter requesting that the district court hold an evidentiary hearing on where S.W.G. should attend school, among other things. The district court granted the motion and scheduled an evidentiary hearing.

On February 3, 2014, in another letter to the court, Griffin requested a continuance of the evidentiary hearing because his counsel had serious medical problems. Weiss opposed the continuance, arguing that the current outstanding bench warrant for Griffin's nonpayment of child support was the driving force behind his continuance request. The district court granted the continuance and rescheduled the hearing for March 7.

2

On March 4, Griffin wrote another letter to the district court withdrawing his request for an evidentiary hearing. He also requested an opportunity to submit an affidavit from a Maple Grove police officer to support Griffin's argument that Weiss did not reside in the Maple Grove school district at the time that S.W.G. was enrolled there. In that same letter, Griffin's counsel further claimed that Griffin's recent health issues would prevent him from attending the rescheduled evidentiary hearing.

The district court responded in a letter that same day, stating that it would treat Griffin's March 4 letter as a motion for a continuance. The district court gave Griffin two options: (1) attend the March 7 evidentiary hearing as scheduled; or (2) completely withdraw his motion challenging where S.W.G. attends school. The district court also denied Griffin's request for "a partial evidentiary hearing with the Maple Grove police officer," explaining that for it "to make any reasoned judgment, and make the findings the Court of Appeals remanded for, [it] need[s] to be able to hear from both parties." In his response to the district court, Griffin clarified that he was not seeking a continuance, he "was seeking unequivocally to withdraw his request for an evidentiary hearing" and that he wanted to submit an affidavit from the Maple Grove police officer, not hold a partial evidentiary hearing.

The district court then determined that Griffin withdrew his objection to S.W.G.'s school when he withdrew his request for an evidentiary hearing. The district court also stated that it would not allow Griffin to submit an affidavit from the Maple Grove police officer because "[it] needed to hear from both parties in order to make the findings the Court of Appeals remanded for," and the district court reiterated that these findings "were

3

sought by Mr. Griffin when he elected to appeal the school choice decision." Because the district court found that Griffin withdrew his objection regarding the minor child's current school location, no additional findings were issued to support the district court's decision for S.W.G. to attend school in Maple Grove. This appeal followed.

## D E C I S I O N

Griffin argues that the district court abused its discretion when it failed to comply with our instructions on remand. Weiss contends, and we agree, that Griffin waived his challenge to S.W.G.'s school when he affirmatively withdrew his request for an evidentiary hearing.

On remand, a district court must execute the appellate court's mandate "strictly according to its terms" and has "no power to alter, amend, or modify our mandate." *Halverson v. Vill. of Deerwood*, 322 N.W.2d 761, 766 (Minn. 1982); *see also Bauerly v. Bauerly*, 765 N.W.2d 108, 110 (Minn. App. 2009). When the district court receives no specific instructions on remand, the district court can proceed in any manner not inconsistent with the remand order. *Bauerly*, 765 N.W.2d at 110-11. Accordingly, we evaluate a district court's compliance with remand instructions under an abuse of discretion standard. *See State ex rel. Swan Lake Area Wildlife Ass'n v. Nicollet Cnty. Bd. of Cnty. Comm'rs*, 799 N.W.2d 619, 631 (Minn. App. 2011).

Our remand instructions to the district court simply allowed it "to make findings that demonstrate its consideration of relevant factors." *Weiss*, 2013 WL 5777895, at *2. Because these instructions were general, the district court could proceed in any manner not inconsistent with the remand order. *Bauerly*, 765 N.W.2d at 110-11. In granting

4

Griffin's motion for an evidentiary hearing, the district court proceeded in a manner not inconsistent with the remand order because it determined that the evidentiary hearing was necessary for it to make the appropriate findings.

Moreover, given the time that had passed since Griffin first objected to S.W.G. attending school in Maple Grove, an evidentiary hearing would have been useful in updating the district court concerning S.W.G.'s best interests. Thus, the evidentiary hearing was not "inconsistent with the remand order," *see Bauerly*, 765 N.W.2d at 111 (quotation omitted); rather, it was an appropriate procedure to help the district court make informed findings on S.W.G.'s best interests.

Griffin also argues that the district court abused its discretion when it characterized his withdrawal from the hearing as a withdrawal of his challenge on where S.W.G. should attend school. But Griffin knew from his correspondence with the district court that it would consider his motion withdrawn if he did not attend the evidentiary hearing. And when Griffin nevertheless failed to appear, effectively withdrawing his motion, the district court was no longer obligated to resolve the dispute based on the child's best interests because a dispute no longer existed. *See Thompson v. Thompson*, 739 N.W.2d 424, 431 (Minn. App. 2007) (stating that a party cannot complain about the district court's failure to rule in its favor when the party failed to provide evidence for the district court to rule in its favor). Under these circumstances, we cannot say that the district court abused its discretion in treating the motion as withdrawn.

**Affirmed.**