*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A22-1696**

In re the Marriage of:

Allan Roland Kilgore, petitioner,
Appellant,

vs.

Ellen Lea Brockman, f/k/a Ellen Lea Kilgore,
Respondent.

**Filed January 22, 2024
Affirmed
Bratvold, Judge**

Ramsey County District Court
File No. 62-FA-18-1009

Jevon C. Bindman, Carmen-Marie Carballo, Maslon LLP, Minneapolis, Minnesota; and

Robert F. Caldecott, Martine Law PLLC, White Bear Lake, Minnesota (for appellant)

Robb L. Olson, GDO Law, White Bear Lake, Minnesota (for respondent)

    Considered and decided by Ede, Presiding Judge; Bratvold, Judge; and Klaphake,

Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**BRATVOLD**, Judge

In this appeal from an order denying a motion to modify spousal maintenance, appellant argues that the district court abused its discretion by (1) determining appellant's current income using a different "method" from the one used in the initial spousal-maintenance order, (2) including expenses paid by appellant's company as part of appellant's current income, and (3) considering appellant's "historical income and disregarding evidence of current income." Because the district court did not abuse its discretion when it determined appellant's current income and denied his motion, we affirm.

## FACTS

Appellant Allan Roland Kilgore (husband) and respondent Ellen Lea Brockman (wife) married in 1985 and divorced on May 3, 2021. The sole issue at their two-day dissolution trial was spousal maintenance. In a written order, the district court awarded wife permanent spousal maintenance of $2,000 per month starting in May 2021 and decreasing to $1,400 per month as of March 31, 2022.

The district court's written findings stated that husband was "self-employed as an inventor, owner and President of Roland Numeric, Inc.," and that his "income varie[d] due to the cyclical nature of his business." The district court's factual findings related to husband's income relied on an exhibit prepared by an accounting firm, Baker Tilly LLP. The exhibit "calculated [husband's] historical income" and stated that husband's five-year "average income was $200,000 from 2015 to 2019," which was "consistent with the [parties'] joint tax returns." The district court also found that the "average after-tax monthly

cash flow calculation by Baker Tilly . . . [was] a credible representation of the [parties'] marital standard of living." The district court also found that husband's income in 2020 "is not representative of the marital standard of living" because of "the extraordinary, external circumstances of 2020."

The district court found that wife was primarily a "caregiver for the children and homemaker during [the] marriage," never worked "full-time during the marriage," but did manage a café. At the time of the dissolution trial, wife was employed part-time as an administrator for a business and cared "part-time, without pay," for a granddaughter who has "a significant medical condition." The district court found that wife's vocational assessment concluded that she is "capable of earning" $39,146 to $43,368 per year. The district court found maintenance was appropriate because wife "lacks sufficient property . . . to provide for her needs considering the standard of living established during the marriage."

In April 2022, husband stopped paying spousal maintenance, and he moved to modify spousal maintenance in August 2022. He asked the district court to terminate spousal maintenance or, in the alternative, reduce it to $500 per month. Wife opposed husband's motion and moved for an increase in spousal maintenance.

In support of his motion, husband argued that his annual adjusted gross income was $180,450 in 2020 and $37,821 in 2021 based on his personal tax returns. He asserted that his business income was $34,901 in 2020 and negative $48,419 in 2021. He also argued that the documents he provided showed that his business net income was negative for the first five months of 2022.

Wife submitted her attorney's affidavit, which averred that husband's annual income was $175,420 in 2020 and $304,830 in 2021. This was based on husband's individual and business tax returns. Specifically, in 2020, husband's individual and business tax returns showed a salary of $71,811 and distributions of $28,573. In 2021, husband's individual and business tax returns showed a salary of $60,057 and distributions of $145,071. Wife argued that husband's income also included amounts listed in husband's company's K-1 form, namely, health-insurance premiums and other items listed as "other deductions" for the company, because the company expenses provided personal benefits to husband.[1]

Following a hearing, the district court denied husband's motion, granted maintenance arrears to wife, and did not grant wife's motion to increase maintenance. The district court granted wife's motion for conduct-based attorney fees after finding that husband "unilaterally" reduced his spousal-maintenance payments to $0.00 per month as of November 2022.

In its written order, the district court found that husband's current income is $167,589 for the purpose of calculating spousal maintenance. "This figure was computed

---

[1] The 2020 K-1 form listed $17,638 for husband's health-insurance premiums, $338 for auto expenses, $31,382 in legal or professional fees, $6,130 for meals, and $19,548 in travel expenses. The 2021 K-1 form listed $15,058 for husband's health-insurance premiums, $5,303 for auto expenses, $59,617 in legal or professional fees, $8,643 for meals, and $11,081 in travel expenses.

Wife also pointed out that, in 2021, husband received a Paycheck Protection Program Loan Forgiveness (PPP) loan as part of a government effort during the COVID-19 pandemic. The district court found that "[t]hese loans were forgiven and not considered 'income.'" While both parties discuss the PPP loan, it is not an issue in the appeal.

by averaging [husband's] 2020 and 2021 income," using "wages plus distributions." The district court concluded that husband's 2021 income "represents a 16.2055% decrease . . . from his [five-year average] income at the time of the" initial spousal-maintenance order (which was $200,000 annually) and that this decrease was not large enough "to trigger a presumption that the terms of the existing Order are unreasonable and unfair." The district court then rejected husband's argument that the current maintenance obligation was unreasonable or unfair after determining that husband "has not provided sufficient evidence" that he cannot "meet his current needs," wife's financial needs "have not increased," and "both parties are capable of paying their own monthly living expenses with the current spousal maintenance order."

Husband appeals.

**DECISION**

Appellate courts review orders granting or denying the modification of spousal maintenance for an abuse of discretion. *Hecker v. Hecker*, 568 N.W.2d 705, 709 (Minn. 1997). A district court abuses its discretion if it makes "findings unsupported by the evidence" or improperly applies the law. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997) (quotation omitted). Appellate courts review "questions of law related to spousal maintenance de novo." *Melius v. Melius*, 765 N.W.2d 411, 414 (Minn. App. 2009).

A district court may modify spousal maintenance based on "substantially increased or decreased gross income of an obligor or obligee" that renders the current order "unreasonable and unfair." Minn. Stat. § 518A.39, subd. 2(a)(1) (2022). "A party moving to modify an award of maintenance bears the burden of showing a substantial change of

5

circumstances since. . . maintenance . . . was originally set." *Youker v. Youker*, 661 N.W.2d 266, 269 (Minn. 2003), *rev. denied* (Minn. Aug. 5, 2003).

"It is presumed that there has been a substantial change in circumstances . . . and the terms of a current support order shall be rebuttably presumed to be unreasonable and unfair if: . . . the gross income of an obligor or obligee has decreased by at least 20 percent through no fault or choice of the party." Minn. Stat. § 518A.39, subd. 2(b)(5) (2022). Based on the statutory language and applicable caselaw, a district court compares the party's current income with that party's income at the time of the previous maintenance order when deciding whether to apply the statutory presumption. *Id.*; *Bormann v. Bormann*, 644 N.W.2d 478, 482 (Minn. App. 2002) ("Determining whether an existing support obligation is unreasonable and unfair . . . generally involves (but is not necessarily limited to) a comparison of the obligor's existing obligation with what the obligation would be if it were modified."). Thus, a party's income at the time of the previous maintenance order is used as a baseline with which to compare the party's current income. *See Youker*, 661 N.W.2d at 269 (stating that the point of comparison for a substantial change of circumstances is "the last time maintenance was modified, or if maintenance has not been modified [when] it was originally set"). Here, the baseline for husband's income is $200,000, as stated in the initial spousal-maintenance order.

Husband argues that the district court abused its discretion when it calculated his current income and denied his modification motion. Husband makes three arguments, which we discuss in turn.

6

**A.** **The district court did not "misapply" Minn. Stat. § 518A.39, subd. 2(a)(1), by failing to use to use the same "methodology" for determining husband's current income.**

Husband asserts that Minn. Stat. § 518A.39, subd. 2(a)(1), requires that the district court resolve a maintenance-modification motion by applying the same "method of calculation" and considering the same types of expenses used in the initial or previous spousal-maintenance order. Husband argues that "[t]he only way to accomplish [an analysis under Minn. Stat. § 518A.39, subd. 2(a)(1),] is to meaningfully compare the obligor's current income to his or her income at the time of the original order." He argues that the district court abused its discretion when it "used a new formula" and considered expenses paid by husband's company as part of his current income because those company expenses were not part of the district court's analysis of his baseline income. Wife argues that the district court did not abuse its discretion because the record establishes that husband's company paid for husband's personal expenses, which were not ordinary and necessary business expenses.

Husband claims that the district court misapplied Minn. Stat. § 518A.39, subd. 2(a)(1), and appears to contend that the issue is one of statutory interpretation, which we review de novo. *State v. Defatte*, 928 N.W.2d 338, 340 (Minn. 2019); *Melius*, 765 N.W.2d at 414. We are not persuaded that this issue involves statutory interpretation. Husband's brief to this court does not offer an interpretation of the relevant statute.

The district court determined husband's current income based on the evidence submitted, the parties' arguments, and existing law. Husband's suggestion that "[a] true comparison between husband's original and current income must use the same method of

7

calculation" urges us to limit the district court's discretion. Husband points to no statutory language in support of his position. Appellate courts "will not add requirements to [a] statute beyond those specified by the legislature." *Hutchinson Tech., Inc. v. Comm'r of Revenue*, 698 N.W.2d 1, 8 (Minn. 2005). "We will not supply that which the legislature purposefully omits or inadvertently overlooks." *Green Giant Co. v. Comm'r of Revenue*, 534 N.W.2d 710, 712 (Minn. 1995).

We conclude that the district court did not abuse its discretion by determining husband's current income based on the record evidence submitted with the modification motion, even though the district court considered income not discussed in its initial maintenance order.

**B.      The district court did not abuse its discretion by determining that husband's current income includes personal expenses paid by husband's company.**

Husband argues that the district court erred by determining that his current income includes expenses paid by his company, such as health-insurance premiums and auto, legal, meal, and travel expenses. Husband contends that he objected to including these amounts as income, but the district court "did not explain" why the items were not ordinary and necessary business expenses as provided in Minn. Stat. § 518A.30 (2022).

We discern no abuse of discretion. A district court has broad discretion when dealing with self-employed individuals because "the opportunity for a self-employed person to support [them]self yet report a negligible net income is too well known to require exposition." *Ferguson v. Ferguson*, 357 N.W.2d 104, 108 (Minn. App. 1984). "Income includes any form of periodic payment." Minn. Stat. § 518A.29(a) (2022). Income from

8

self-employment is gross income under Minn. Stat. § 518A.29(a). Self-employment income is determined based on Minn. Stat. § 518A.30, which provides that "[i]ncome from self-employment or operation of a business . . . is defined as gross receipts minus costs of goods sold minus ordinary and necessary expenses required for self-employment or business operation."

This statute "specifically excludes from ordinary and necessary expenses . . . amounts allowable by the Internal Revenue Service for the accelerated component of deprecation expenses, investment tax credits, or any other business expenses determined by the court to be inappropriate or excessive for determining gross income." Minn. Stat. § 518A.30. "The person seeking to deduct an expense, including depreciation, has the burden of proving, if challenged, that the expense is ordinary and necessary." *Id.*

In opposition to husband's motion to modify maintenance, wife argued that several expenses noted on the K-1 form were not ordinary and necessary business expenses and should be included in husband's income. Accordingly, husband had the burden to show that these expenses were ordinary and necessary business expenses. Husband, however, did not offer any evidence that the company's payments for the disputed expenses were ordinary and necessary business expenses.

In fact, at the hearing on the motion, husband's attorney agreed that he "wrote off attorney[] fees through his business." Husband's attorney did not argue that the attorney fees paid by husband's company were ordinary and necessary business expenses. Rather, husband's attorney asserted that, since husband "was ordered to pay both sides' attorney[] fees during the pendency of their dissolution," half of the attorney fees should be

considered wife's income. Husband's attorney also discussed the travel expenses paid by husband's company, stating that husband travels often for his job and that any travel expenses, such as plane tickets and hotels, "should not be considered income for him" given that they are expenses for the business. But husband did not offer any evidence about the travel expenses paid by his company. We therefore conclude that the district court did not abuse its discretion by including specific personal expenses paid by husband's company, including attorney fees and travel expenses, as husband's current income.

We also reject husband's criticism of the district court for not using an updated Baker Tilly analysis of his historical income because husband did not offer that evidence to support his modification motion. As stated in *Eisenschenk v. Eisenschenk*, "[o]n appeal, a party cannot complain about a district court's failure to rule in [their] favor when one of the reasons it did not do so is because that party failed to provide the district court the evidence that would allow the district court to fully address the question." 668 N.W.2d 235, 243 (Minn. App. 2003), *rev. denied* (Minn. Nov. 25, 2003).

Finally, husband fails to show that he was prejudiced by any alleged error related to computing his current income. To warrant relief, an error must be prejudicial to the complaining party. *See* Minn. R. Civ. P. 61 (requiring harmless error to be ignored). Husband claims the district court's alleged error led it to reject the statutory presumption of changed circumstances. But even though the district court did not apply the statutory presumption, it still determined that the existing award was not unreasonable or unfair. Accordingly, even if the district court erred in failing to apply the statutory presumption, husband would not be entitled to relief because he was not prejudiced by the alleged error.

**C.    The district court did not abuse its discretion by "including historical income."**

Husband claims that, even if the district court appropriately considered personal expenses paid by his company as part of his income, it "abused its discretion by averaging multiple years of income and disregarding the most current evidence of income." Specifically, husband argues that the court improperly determined his income by averaging his 2020 and 2021 annual income and by ignoring evidence of his 2022 income. Wife argues that the district court acted within its discretion by averaging husband's income from 2020 and 2021.

Husband argues that caselaw provides that a district court may average income "only when" a party's income fluctuates. *See Viet v. Viet*, 413 N.W.2d 601, 606 (Minn. App. 1987) (determining that it was appropriate for a district court to use average income when a party's income fluctuates because "[a]n average takes into account fluctuations and more accurately measures income"). In the initial spousal-maintenance order, the district court found that husband's income "varies due to the cyclical nature of his business." Husband contends that the district court abused its discretion by averaging his income because his income was steadily decreasing and no longer fluctuated at the time of the modification motion.

Husband accurately describes the caselaw, but his argument is not convincing. The record evidence shows ongoing fluctuations in husband's income. For example, husband's two-year average income is lower than his five-year average income, and the estimated 2021 income is lower than husband's income in 2020. In the initial spousal-maintenance

11

order, the district court found that husband's income fluctuated because his business was cyclical. Husband's company continues to engage in the same business, and the record evidence shows changes in husband's annual income over the years. We conclude that the district court did not abuse its discretion by averaging husband's income from 2020 and 2021.

Husband also argues that the district court improperly disregarded evidence showing a decrease in his 2022 income. We disagree. The district court expressly considered husband's 2022 income by summarizing the evidence in its factual findings. Although the district court did not explain its reason for excluding evidence of husband's debts owed as of 2022, no explanation was needed because husband did not argue that his debts affected his income or his budget. As an appellate court, we do not reweigh the evidence. *See Kucera v. Kucera*, 146 N.W.2d 181, 183 (Minn. 1966) ("It is not within the province of [appellate courts] to determine issues of fact on appeal."). Accordingly, the district court did not abuse its discretion by denying husband's motion to modify spousal maintenance.

**Affirmed.**