**In re the Marriage of Susan Ann KILPATRICK, petitioner, Respondent,**

v.

**Michael John KILPATRICK, Appellant.**

No. A03–557.

Court of Appeals of Minnesota.

Jan. 20, 2004.

As Amended Jan. 30. 2004.

Virginia J. Knudson, Borden, Steinbauer & Krueger, P.A., Brainerd, MN, for respondent.

Thomas C. Pearson, Erickson, Pearson & Aanes, Brainerd, MN, for appellant.

Considered and decided by HARTEN, Presiding Judge; PETERSON, Judge; and HUDSON, Judge.

## O P I N I O N

HUDSON, Judge.

This is an appeal from an order modifying child support. At the request of respondent Susan Kilpatrick, Crow Wing County moved to increase the child-support obligation of appellant Michael Kilpatrick, and the child-support magistrate granted that motion. On appeal from the district court's order affirming the child-support magistrate's order, appellant, Michael Kilpatrick, argues to this court that the child-support magistrate erred in increasing his support obligation. Because Crow Wing County did not have standing to move to modify child support, the child-support magistrate did not have jurisdiction to hear the motion. Accordingly, we reverse the district court's order affirming the child-support magistrate's ruling and vacate the child-support magistrate's award.

## FACTS

On May 30, 1981, appellant-father, Michael Kilpatrick, and respondent-mother, Susan Kilpatrick, married. The parties have two children, ages 18 and 14. The parties divorced on February 22, 2001. A marital termination agreement was incorporated into the judgment and decree, and provided that father pay a specific dollar amount—$1,012.89—each month for child support. The parties, however, recognized that father derives some of his income from bonuses based on sales performance and included a provision that father would pay mother 30% of his net quarterly bonuses as additional child support. The parties agree that father has fully complied with the stipulated judgment and has made all the requisite child-support payments.

On November 18, 2002, and at mother's request, Crow Wing County, without attempting to intervene or otherwise being joined as a party to the dissolution, brought a motion to modify the child-support order. Crow Wing County requested the child-support obligation be modified because part of the obligation was expressed as a percentage; it contended that the percentage formula did not work well with the county's computerized child-support payment recordation system. Crow Wing County argued the quarterly bonus payment should be averaged into the flat monthly child-support obligation.

The county's motion was heard before a child-support magistrate (CSM). Both

parties were present at the hearing, and neither was represented by counsel. An assistant county attorney appeared on behalf of the county. The CSM averaged father's annual income, including his quarterly bonuses, for the previous four years. The CSM noted that the quarterly-bonuses portion of the original child-support order "is difficult to enforce," and modified father's child-support obligation and set it at $2,025 per month.

Father moved for review by the district court. The district court addressed the merits of the CSM's ruling and affirmed that ruling. Father filed a notice of appeal on May 19, 2003. This appeal follows.[1]

### ISSUE

Did Crow Wing County have standing to move to modify child support?

### ANALYSIS

■ Father argues the CSM erred in modifying his child-support obligation and

1. The county is not participating in this appeal. By order prior to oral argument in this court, we questioned whether the county should have been served with the notice of appeal, and the county responded by agreeing with father that service on the county was unnecessary and that mother adequately represents the position of the county, which has no financial interest in the outcome of the appeal. In light of the county's acquiescence in the appeal proceeding without its involvement, we express no opinion on father's failure to serve the county.

2. Although father argues the CSM erred in modifying his child support obligation, our review is of the district court's order affirming the CSM's modification. If, as here, a party moves for review of the CSM's original decision, the reviewing authority conducts an "independent review" of that decision. Minn. R. Gen. Pract. 377.09, subd. 2(b). The "independent" nature of the review means

in modifying the obligation upward.[2] Before reaching the merits of father's arguments, we must first address whether Crow Wing County had standing to challenge father's child-support obligation.

■ Standing is a jurisdictional question to be determined by this court. *In re Marriage of Sammons*, 642 N.W.2d 450, 456 (Minn.App.2002). In *State v. Nodes*, we noted

[s]tanding, as a jurisdictional defect, raises issues of justiciability. *Izaak Walton League of Am. Endowment v. Minnesota Dept. of Natural Resources*, 312 Minn. 587, 589, 252 N.W.2d 852, 854 (1977) (justiciable controversy must exist for the court to have jurisdiction over a case). Objections to a party's standing are essentially jurisdictional because the existence of a justiciable controversy underlies the court's jurisdiction. *In re Mullins*, 298 N.W.2d 56, 61 n. 7 (Minn. 1980).

that the reviewer owes no deference to the CSM's original decision and addresses the matter "de novo." *Blonigen v. Blonigen*, 621 N.W.2d 276, 280 (Minn.App.2001), *review denied* (Minn. Mar. 13, 2001). While the review in this case was conducted by the district court, we note that "[a] motion for review may be decided either by the child support magistrate who issued the decision and order or, at the request of any party, a district court judge." Minn. R. Gen. Pract. 376.03; *see* Minn. R. Gen. Pract. 352.01(b). On appeal from an order deciding a motion for review, this court reviews the order from which the appeal is taken (here, the district court's order) and, to the extent the reviewer of the CSM's original decision affirms the CSM's original decision, that original decision becomes the decision of the reviewer. *See* Minn. R. Gen. Pract. 378.01 (noting review may be taken from final ruling of CSM "or" order deciding motion for review).

538 N.W.2d 158, 161 (Minn.App.1995).

A county must have standing to make a motion to modify a child-support award. A county has standing in a IV–D case, and is a "real party in interest," where there "has been an assignment of support." [3] Minn.Stat. § 518.551, subd. 9(b) (2002). In a IV–D case where there has not been an assignment of support, a county has a pecuniary interest and an interest in the welfare of the children and "may intervene as a matter of right in those cases to ensure that child support orders are obtained and enforced which provide for an appropriate and accurate level of child, medical, and child care support." *Id.*

Intervention by a county as a matter of right in a case heard in the expedited child support process is permitted "[t]o the extent allowed by law." Minn. R. Gen. Pract. 360.01, subd. 1. Here, the county did not seek to intervene. Moreover, we refuse to construe the county's motion to modify child support as satisfying the obligation to intervene; to rule otherwise would effectively eliminate the intervention requirement. Crow Wing County did not formally become a party to this case because it did not intervene. Because Crow Wing County was not a party to this case, it did not have standing to seek to modify the existing child-support award, the motion before the CSM was improper and the district court abused its discretion by affirming the CSM's ruling. *See In re Marriage of Sammons,* 642 N.W.2d at 456; *Nodes,* 538 N.W.2d at 161. The CSM essentially granted the motion of a non-party and the district court, addressing the merits of that ruling, affirmed it. Therefore, we reverse the district court's affirmance of the CSM and vacate the CSM's ruling.

Because our decision on this issue is dispositive, we need not address father's arguments as to the whether the district court abused its discretion in modifying child support.

## DECISION

Crow Wing County did not have standing to seek modification of the child-support award, and, therefore, the CSM did not have jurisdiction to hear Crow Wing County's motion. Accordingly, the district court abused its discretion in addressing the merits of, and affirming, the CSM's ruling modifying father's child support.

---

**3.** A IV–D case is any proceeding where a party has either assigned to the state the right to receive support because of the receipt of public assistance or has applied for child support services under Title IV–D of the Social Security Act, 42 U.S.C. § 654(4). Minn.Stat. § 518.54, subd. 14 (2002); Minn. R. Gen. Pract. 352.01(f). The expedited child support process is used in IV–D cases. Minn. R. Gen. Pract. 353.01, subd. 1. While the district court found that mother received "non-public assistance" from the state, the exact nature of this assistance and whether this assistance makes this a IV–D case, is neither identified by the district court nor clear from the record presented to this court. *See Eisenschenk v. Eisenschenk,* 668 N.W.2d 235, 239 (Minn.App. 2003) (encouraging full explanations of how expedited child support process has jurisdiction over cases decided therein), *review denied* (Minn. Nov. 25, 2003). It is undisputed by the parties, however, that this is a IV–D case. But even if this case is not a IV–D case, it would not alter our decision that the district court should not have affirmed the CSM and that the CSM's ruling must be vacated.

Therefore, we reverse the district court's order affirming the CSM's ruling and vacate the CSM's order modifying the child-support award.

**Reversed in part and vacated in part.**