**In re the Marriage of Karen Anne ROSE, petitioner, Respondent,**

v.

**Brian Keith ROSE, Appellant.**

No. A08–1063.

Court of Appeals of Minnesota.

May 12, 2009.

Karen Anne Rose, Wyoming, MN, pro se respondent.

Janet Reiter, Chisago County Attorney, Center City, MN, for respondent County of Chisago.

Mark Nygaard, Nygaard & Longe, St. Paul, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge; SHUMAKER, Judge; and PORITSKY, Judge.*

## OPINION

SHUMAKER, Judge.

A child support magistrate (CSM) denied appellant's motion to modify his child-support obligation, ruling that appellant was not entitled to rely on the amendment of the child-support guidelines, which provides a combined parental income mechanism for determining child support, to show the requisite substantial change in circumstances. The district court affirmed that ruling on review. Because the ruling erroneously deprived appellant of the irrebuttable presumption of changed circumstances under Minn.Stat. § 518A.39, subd. 2(b)(1), we reverse and remand.

## FACTS

In the parties' marriage dissolution in 1997, the district court awarded physical custody of their minor daughter to respondent Karen Anne Rose, granted parenting time to appellant Brian Keith Rose, and ordered appellant to pay monthly child support of $674 in accordance with the child-support guidelines. Because of cost-of-living adjustments, by 2008, the support amount had increased to $859.

On January 29, 2008, appellant moved to modify his child-support obligation so as to decrease his monthly payment. Using a checklist affidavit provided by Chisago County to support his motion, appellant gave two reasons for the motion. For the first, he simply checked a box indicating "[a] 20% change in the gross income of the obligor." His second reason was his statement that "[t]o the best of my knowledge, application of the income-shares guidelines would result in a reduction of at least 20% of the current support order. This meets the guidelines of a substantial change in circumstances under Minn.Stat. 518A.39." This statement was the appellant's reference to a statutory change in child-support guidelines that became effective on January 1, 2007.[1]

A CSM heard the motion on March 5, 2008. Both parties appeared pro se. The CSM noted appellant's reference in his affidavit to the income-shares guidelines and asked, "Do you have any other basis for bringing ... your motion?" Appellant replied, "No sir."

The CSM then denied the motion, explaining that "the new statute cannot in and of itself create a substantial change of circumstances, to modify child support." Rather, the CSM indicated, "You have to actually show other substantial changes. . . ." The CSM then issued a written order in which he found that

[t]he [appellant's] motion is based solely upon the change in basic support which the new support guidelines would require. He affirmed that there is no other basis to his motion, but argues that he should be allowed lower support

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. The child-support guidelines were amended in part to provide that basic child support must be "divided between the parents based on their proportionate share of the parents' combined monthly parental income ..." calculated according to a graph in the statute. Minn.Stat. § 518A.35, subd. 2 (2006).

because the new guidelines would result in an amount which is more than 20% lower than the existing amount.

The CSM concluded that a change in the law does not constitute a substantial change in circumstances and that appellant had otherwise failed to show such a change. The district court then denied appellant's motion for review and affirmed the CSM's order. This appeal followed.

## ISSUE

Minn.Stat. § 518A.39, subd. 2(a)(1), provides that a child-support order may be modified if there has been a substantial increase or decrease in the gross income of the obligor or obligee so that the order becomes unreasonable and unfair. Minn. Stat. § 518A.39, subd. 2(b)(1), provides a presumption of substantial change in financial circumstances when an application of the child-support guidelines shows increases or decreases specified in the subdivision.

Is the child-support obligor entitled to the presumption of subdivision 2(b)(1) only after first satisfying subdivision 2(a)(1)?

## ANALYSIS

■ When a CSM's decision is affirmed on a motion for review, the decision is treated as that of the district court. *Kilpatrick v. Kilpatrick,* 673 N.W.2d 528, 530 n. 2 (Minn.App.2004). The district court has broad discretion in deciding child-support issues and we will not reverse the court's determination absent a clear abuse of that discretion. *Gully v. Gully,* 599 N.W.2d 814, 820 (Minn.1999). A court abuses its discretion if it improperly applies the law. *Pikula v. Pikula,* 374 N.W.2d 705, 710 (Minn.1985). We review questions of statutory interpretation and application de novo. *In re Kleven,* 736 N.W.2d 707, 709 (Minn.App.2007) (citing

*Brookfield Trade Ctr. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998)).

■ A child-support order may be modified upon a showing of a substantial change in circumstances that makes the order "unreasonable and unfair." Minn. Stat. § 518A.39, subd. 2(a). The modification statute lists eight types of changes that can qualify for modification. *Id.* The party who moves to modify an existing child-support order has the burden of demonstrating both a substantial change in circumstances and the unfairness and unreasonableness of the order because of the change. *Bormann v. Bormann,* 644 N.W.2d 478, 481 (Minn.App.2002), *review denied* (Minn. Aug. 5, 2003).

■ The modification statute also provides for (1) a presumption of a substantial change in circumstances and (2) a concomitant rebuttable presumption of unreasonableness and unfairness if "the application of the child support guidelines in section 518A.35, to the current circumstances of the parties results in a calculated court order that is at least 20 percent and at least $75 per month higher or lower than the current support order." Minn.Stat. § 518A.39, subd. 2(b)(1). When the 20%/$75 difference is shown, the presumption of substantial change arising therefrom is irrebuttable. *Frank–Bretwisch v. Ryan,* 741 N.W.2d 910, 914 (Minn.App. 2007). There is no dispute here that the record shows that appellant has demonstrated the 20%/$75 difference provided in subdivision 2(b)(1) when the existing child-support guidelines are applied.

The CSM interpreted the modification provisions of subdivision 2(a) and subdivision 2(b)(1) as independent and sequential. At the hearing, he explained to appellant that the statute has "two boxes." He said that appellant was required to satisfy "box number one" (subdivision 2(a)) before he could get into "the next box" (subdivision

2(b)(1)). And, the CSM indicated that to satisfy the first box, appellant was not entitled to rely on the 20% change when the guidelines are applied. The effect of the CSM's reading of the modification law was to deny to appellant the presumption in subdivision 2(b)(1). We hold that the CSM's interpretation of the modification statute was error, as was the district court's affirmance of that interpretation.

"When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (citation and quotation omitted). If a statute is unambiguous, the court may engage in no further construction or interpretation but must apply its plain meaning. *State by Beaulieu v. RSJ, Inc.,* 552 N.W.2d 695, 701 (Minn.1996). "We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Am. Family,* 616 N.W.2d at 277.

The modification provisions at issue are not ambiguous. Under subdivision 2(a)(1), the requisite change in circumstances can be shown by "substantially increased or decreased gross income of an obligor or obligee." Minn.Stat. § 518A.39, subd. 2(a)(1). The next subdivision quantifies that change of circumstances with the 20%/$75 "higher or lower" formula when the child-support guidelines are applied and attaches a presumption of a substantial change of circumstances. *Id.,* subd. 2(b)(1). Construing subdivisions 2(a)(1) and 2(b)(1) together, as we must, it is apparent that the legislature intended subdivision 2(b)(1) as a mechanism for satisfying subdivision 2(a)(1). To rule, as the CSM did, that subdivision 2(a) must be satisfied before subdivision 2(b)(1) may be considered, would deprive obligors and obligees of the benefit of a presumption that we have held irrebuttable. *Frank–Bretwisch,* 741 N.W.2d at 914.

Appellant supported his motion for modification with detailed financial information that demonstrated at least a 20% change in his support obligation when the child-support guidelines are applied. Because there is no dispute on appeal as to the accuracy or credibility of that information, we need not address it further. Appellant is entitled to the irrebuttable presumption in subdivision 2(b)(1) that there has been a substantial change in his circumstances.

The CSM also concluded that appellant is not entitled to rely on a statutory amendment to the child-support guidelines as the basis for his alleged change in circumstances. In support of this conclusion, the CSM cited Minn.Stat. § 518A.39, subd. 2(i) (2008), which provides that "[e]xcept as expressly provided, an enactment, amendment, or repeal of law does not constitute a substantial change in the circumstances for purposes of modifying a child support order."

Subdivision 2(i) is clear on its face, but what the CSM overlooked is the proviso, "[e]xcept as expressly provided." Subdivision 2(b)(1) expressly provides that a substantial change in circumstances will be presumed when the 20%/$75 formula is applied to the child-support guidelines. The CSM's application of subdivision 2(i) contradicts the plain meaning of that subdivision and negates subdivision 2(b)(1). This was error.

Although we need not interpret subdivision 2(i) because it is clear on its face, the historical context of the child-support guidelines amendment bolsters the conclusion that subdivision 2(i) must be read

consistently with all other modification provisions in subdivision 2.

The legislature amended the child-support guidelines to provide an income-shares model for calculating child support. 2005 Minn. Laws ch. 164, §§ 26, 29, at 1920–24, *amended by* 2005 Minn. Laws 1st Spec. Sess. ch. 7, § 28, at 3092–93. The amended guidelines became effective on January 1, 2007. 2005 Minn. Laws ch. 164, § 32, at 1925, *amended by* 2006 Minn. Laws ch. 280, § 44, at 1145. But subject to certain exceptions, child-support obligors and obligees were not entitled to rely on the amended guidelines to modify child support until January 1, 2008. Minn.Stat. § 518A.39, subd. 2(j) (2006). In other words, the legislature imposed a moratorium on the use of the amended guidelines to demonstrate a change in circumstances unless an exception could be satisfied. The moratorium expired by its own terms on January 1, 2008. *Id.* Thus, after January 1, 2008, there was no limitation on the use of the amended child-support guidelines to demonstrate a substantial change in circumstances.

By the clear language of the law existing at the time of appellant's motion, he was entitled to the presumption in subdivision 2(b)(1) as applied to the amended child-support guidelines. The CSM's conclusion to the contrary was erroneous, and the district court's affirmance of that conclusion is reversed.

■ Because the CSM did not reach the issue of the rebuttable presumption in subdivision 2(b) that the current child-support order is unreasonable and unfair, a remand for that determination is necessary. The record may be reopened if necessary to facilitate a proper resolution of that issue.

**DECISION**

The district court erroneously affirmed the CSM's conclusions that appellant was required first to satisfy Minn.Stat. § 518A.39, subd. 2(a), before he was entitled to the presumption in Minn.Stat. § 518A.39, subd. 2(b)(1), and that appellant was not entitled to rely on the child-support guidelines to show the requisite change in circumstances for modification of a child-support order. Because neither the CSM nor the district court reached the issue of the rebuttable presumption of unreasonableness and unfairness of the existing order, remand is necessary.

**Reversed and remanded.**