Kimberly Ann CULVER, n/k/a
Kimberly Ann Muellerleile,
petitioner, Appellant,

v.

Steven Wayne CULVER, Respondent.

No. A09–0739.

Court of Appeals of Minnesota.

Sept. 1, 2009.

Kimberly Ann Muellerleile, Coon Rapids, MN, pro se appellant.

Jerome M. Rudawski, Roseville, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; HUDSON, Judge; and JOHNSON, Judge.

### SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

Respondent Steven Wayne Culver moved to vacate an order modifying his child-support obligation to appellant Kimberly Ann Culver, n/k/a Kimberly Ann Muellerleile. On February 4, 2009, a referee of the Fourth Judicial Districts Family Court Division recommended an order granting respondents motion and addressing the parties other requests for relief, and the district court confirmed the recommended order. On February 12, 2009, respondents attorney served appellant, by mail, with written notice of filing of the February 4, 2009 order. On February 20, 2009, appellant filed with the district court a notice of review of the February 4, 2009 order. On April 2, 2009, the district court dismissed her notice of review on the ground that district-court review of a family-court referees confirmed ruling is no longer available in the Fourth Judicial District. On April 24, 2009, appellant sought review in this court of the orders of April 2, 2009, and February 4, 2009. Respondent moves to dismiss the appeal as untimely, and appellant opposes this motion.

### DECISION

Generally, the chief judge of a judicial district may appoint referees to hear matters without regard to whether the matter is "family, probate, juvenile, or special term court." Minn.Stat. § 484.70, subd. 1 (2008). The recommended ruling of a referee is subject to confirmation by the district court, and a party may seek review by the district court of a confirmed ruling. Minn.Stat. § 484.70, subd. 7 (2008).

 But in the Fourth Judicial District, only referees of that districts separate Family Court Division recommend rulings to the district court in family-court matters; a district-court judge may confirm those recommended rulings. *See* Minn.Stat. § 484.65, subds. 7–10 (2008).

[Confirmed] referee orders and decrees may be appealed directly to the Court of

Appeals in the same manner as judicial orders and decrees. The time for appealing an appealable referee order runs from service by any party of written notice of the filing of the confirmed order.

Minn.Stat. § 484.65, subd. 9 (2008). Generally, an appealable order may be appealed within 60 days after service by a party of written notice of filing of the order. Minn. R. Civ.App. P. 104.01, subd. 1. Respondent served written notice of the filing of the February 4, 2009 order on February 12, 2009. This appeal was filed on April 24, 2009, more than 60 days later. Therefore, her appeal was untimely, and, for the reasons discussed below, we must dismiss it. *See* Minn. R. Civ.App. P. 126.02 (prohibiting appellate court from extending time to file notice of appeal); *Twp. of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App.1994) (holding that court of appeals lacks jurisdiction to consider untimely appeal), *review denied* (Minn. Sept. 16, 1994).

By seeking district-court review of the confirmed referees order rather than appealing to this court, appellant followed the procedure in use before 2006. *See* Minn.Stat. § 484.65, subd. 9 (2004) (providing that party could seek review by district court of family-court referees confirmed ruling). In 2006, Minn.Stat. § 484.65, subd. 9 (2004), was amended:

> Subd. 9. **Referees; ~~review~~ appeal.** All recommended orders and findings of a referee shall be subject to confirmation by said district court judge. ~~Review of any recommended order or finding of a referee by the district court judge may be had by notice served and filed within ten days of effective notice of such recommended order or finding. The notice of review shall specify the grounds for such review and the specific provisions of the recommended findings~~ ~~or orders disputed, and said district court judge, upon receipt of such notice of review, shall set a time and place for such review hearing.~~ Fourth Judicial District Family Court referee orders and decrees may be appealed directly to the Court of Appeals in the same manner as judicial orders and decrees. The time for appealing an appealable referee order runs from service by any party of written notice of the filing of the confirmed order.

2006 Minn. Laws ch. 280, § 8.

While these amendments allowed this court to review a Fourth Judicial District Family Court referees confirmed ruling, they did not explicitly preclude the district court from reviewing such a ruling under Minn.Stat. § 484.70. "Generally, the adoption of an amendment raises a presumption that the legislature intended to make some change in the existing law." *Bhd. of Ry. S.S. Clerks, Freight Handlers, Express Station Employees, Lodge 364 v. State,* 303 Minn. 178, 195, 229 N.W.2d 3, 13 (1975); *see also* Minn.Stat. § 645.16(6) (2008) (stating that legislative intent is ascertained by considering, among other matters, "consequences of a particular interpretation"). The consequence of interpreting the amended version of Minn.Stat. § 484.65, subd. 9, to permit district-court review of a Fourth Judicial District Family Court referees confirmed decision would render the amendments meaningless. Therefore, we decline to read the amended statute as allowing review by the district court under Minn.Stat. § 484.70.

Moreover, because district-court review of a Fourth Judicial District Family Court referees confirmed decision is not available, such review does not affect the time limit for filing an appeal of the decision. *See Kahn v. Tronnier,* 547 N.W.2d 425, 428 (Minn.App.1996) (holding that district-court review of referee's ruling is in nature

of motion for new trial), *review denied* (Minn. July 10, 1996); Minn. R. Civ.App. P. 104.01, subd. 2 (stating that *"[u]nless otherwise provided by law,* if any party serves and files a proper and timely [post-decision] motion [such as a motion for a new trial] ... the time for appeal of the [decision] ... that is the subject of such motion runs for all parties from the service by any party of notice of filing of the order disposing of the last such motion outstanding") (emphasis added). Appeal from a Fourth Judicial District Family Court referees decision to this court is "otherwise provided by law" and, therefore, a district courts review of that decision does not extend the time for appeal under Minn. R. Civ.App. P. 104.01, subd. 2.

This reading of Minn.Stat. § 484.65, subd. 9, renders procedure in the Fourth Judicial District consistent with a parallel pilot project in the Family Court Division of the Second Judicial District, which unambiguously eliminated district-court review of confirmed rulings.[1] *See* Minn.Stat. § 645.16(2), (5) (2008) (stating that legislative intent may be ascertained by considering, among other matters, "circumstances under which [statute] was enacted" and "former law, if any, including other laws upon the same or similar subjects").

Nor is a different result compelled by Minn. R. Gen. Pract. 312.01, which requires the district-court administrator, "[u]pon the filing of the notice of review of a referees findings or recommended order," to notify the parties of the procedure for district-court review of a confirmed order. Rules 301–312 "apply to family law practice except where they are in conflict with applicable statutes[.]" Minn. R. Gen. Pract. 301. Because rule 301 makes rule 312.01 subject to the applicable statutes, and because the amendment of the applicable statute (Minn.Stat. § 484.65, subd. 9) eliminates district-court review of a referees confirmed order, rule 312.01 is not a separate basis for district-court review of a confirmed order in the Fourth Judicial District.

Because we must dismiss appellants appeal as untimely, we need not address her request for the scheduling of appellate family-law mediation.

**Appeal dismissed.**

---

1. The pilot project came into existence in the Second Judicial District in 1996. *See 1996* Minn. Laws ch. 365, § 2 (allowing Second Judicial District to implement pilot project assigning related family matters to single judge or referee); *In Re Second Judicial Dist. Combined Family, Civil Harassment, Juvenile Probate Jurisdiction Pilot Project,* No. CX–89–1863 (Minn. Apr. 10, 1996) (suspending, in light of pilot project, Minn. R. Gen. Pract. 312.01, which recites procedure for district-court review upon filing of petition for re-

view). The suspension is still in effect. *See 1998 Minn. Laws ch. 367, art. 11, § 26* (extending pilot-project legislation); 2000 Minn. Law ch. 452, § 1 (same); 2002 Minn. Law ch. 242 (same); *In Re Second Judicial Dist. Combined Family, Civil Harassment, Juvenile Probate Jurisdiction Pilot Project,* No. CX–89–1863 (Minn. June 17, 1998) (extending suspension); (Minn. May 23, 2000) (same); (Minn. June 3, 2002) (extending suspension until further order of supreme court).