**COUNTY OF GRANT, Respondent,**

**Nicole Marie Koser, Respondent,**

v.

**Darren Lane KOSER, Appellant.**

**No. A11–746.**

Court of Appeals of Minnesota.

Jan. 9, 2012.

Justin Anderson, Grant County Attorney, Elbow Lake, MN, for respondent Grant County.

Theodora Economou, Glasrud & Economou, Morris, MN, for respondent Koser.

Robert V. Dalager, Fluegel, Anderson, McLaughlin & Brutlag, Chtd., Morris, MN, for appellant.

Considered and decided by JOHNSON, Chief Judge; BJORKMAN, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.*

In this child-support dispute, appellant-father argues that the district court (1) erroneously modified his child-support obligation because it misapplied the modification provision of the child-support statute, Minn.Stat. § 518A.39 (2010); and (2) should have applied social security disability benefits, paid to respondent-mother on behalf of the parties' joint children based on father's eligibility, as a credit toward father's prospective child-support obligation. We affirm in part, reverse in part, and remand.

## FACTS

When the marriage of appellant-father Darren Lane Koser and respondent-mother Nicole Marie Koser was dissolved in December 2009, the parties had three minor children. On January 5, 2010, a Child Support Magistrate (CSM) ordered father to pay a total child-support obligation of $665 per month.[1] Because father was unemployed, the CSM based father's monthly child-support obligation on his potential income of $2,050, as provided by statute. Minn.Stat. §§ 518A.29 (providing that gross income includes potential income), .32 (2010) (providing methods to determine potential income).

In May 2010, the Social Security Administration determined father to be eligible for Retirement, Survivors and Disability Insurance (RSDI) Social Security benefits and he received a lump-sum RSDI payment that covered the period of July 2009 through May 2010, during which his RSDI application had been pending. Mother also received, on behalf of the parties' joint children, a lump-sum RSDI payment of $4,752 based on father's eligibility for RSDI benefits. This amount reflects $432 per month for the same eleven-month period of July 2009 through May 2010. Thereafter, mother continued to receive $432 per month in RSDI benefits on behalf of the children.

On June 24, 2010, respondent Grant County moved the district court to modify father's child-support obligation. At that time, father owed a total of $1,764.15 in child-support arrearages, excluding interest. Father requested a hearing, arguing that the lump-sum RSDI benefit of $4,752 made to mother on behalf of the children should be applied as a credit toward his child-support arrearages, and that the remainder should be applied as a credit toward his prospective child-support obli-

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. This included basic support of $559 per month, child-care support of $47 per month, and medical support of $59 per month.

gation. The district court referred the matter to the CSM who, following a hearing, calculated father's monthly gross income as $2,185.[2] The CSM found a presumptive change in circumstances and modified father's total child-support obligation to $278 per month.[3] The CSM's order did not explicitly address whether the lump-sum RSDI benefit paid to mother on behalf of the children could be applied as a credit toward father's arrearages or prospective child-support obligation.

Father moved the district court to review the CSM's order, arguing that his calculated monthly child-support obligation had not changed by at least 20 percent and $75, which is necessary to invoke the presumption of a substantial change in circumstances under the modification provision of the child-support statute. *See* Minn.Stat. § 518A.39, subd. 2. Father also reasserted his argument that the lump-sum RSDI benefit paid to mother should be applied to satisfy his arrearages and toward his prospective child-support obligation. Mother agreed to permit application of the lump-sum RSDI benefit to satisfy father's arrearages but not toward his prospective child-support obligation.

Following a hearing, the district court concluded that father's total monthly child-support obligation had decreased by "far more than" 20 percent and $75. And the district court applied $1,764.15 of the $4,752 lump-sum RSDI benefit received by mother as a credit to satisfy father's child-support arrearages, but concluded that the remainder of the lump-sum RSDI benefit could not be applied as a credit toward

father's prospective child-support obligation. This appeal followed.

## ISSUES

I. Did the district court erroneously modify father's child-support obligation by misapplying the modification provision of the child-support statute?

II. Did the district court err by concluding that the lump-sum RSDI benefit paid to mother on behalf of the children cannot be applied as a credit toward father's prospective child-support obligation?

## ANALYSIS

### I.

Father argues that the CSM and the district court misapplied the modification provision of the child-support statute. We disagree. When a district court affirms a CSM's decision on a motion for review, we review the order from which the appeal was taken and treat the CSM's decision as the district court's decision. *Kilpatrick v. Kilpatrick,* 673 N.W.2d 528, 530 n. 2 (Minn.App.2004). Whether to modify child support is within the district court's discretion, and we will not reverse the district court's determination absent a clear abuse of that discretion. *Gully v. Gully,* 599 N.W.2d 814, 820 (Minn.1999). A district court abuses its discretion if it improperly applies the law. *Rose v. Rose,* 765 N.W.2d 142, 145 (Minn.App.2009). Statutory interpretation and the application of a statute to undisputed facts present questions of law that we review de novo. *Brodsky v. Brodsky,* 733 N.W.2d 471, 477 (Minn.App.2007).

---

**2.** The record reflects that this amount includes a monthly RSDI benefit of $960, plus monthly rent payments received by father of $793, plus monthly RSDI benefits of $432 paid to mother on behalf of the children. Because he received RSDI benefits, father was no longer subject to a potential-income

calculation. Minn.Stat. § 518A.32, subds. 1, 3.

**3.** This included basic support of $157 per month, child-care support of $58 per month, and medical support of $63.

"When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) (quotation and citation omitted). "A statute should be interpreted, whenever possible, to give effect to all of its provisions; 'no word, phrase, or sentence should be deemed superfluous, void, or insignificant.'" *Id.* (quoting *Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999)). And "[w]e are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.*

■ A district court may modify a child-support obligation when the moving party demonstrates substantially changed circumstances that render the existing child-support obligation unreasonable and unfair. *See* Minn.Stat. § 518A.39, subd. 2(a); *Bormann v. Bormann*, 644 N.W.2d 478, 481 (Minn.App.2002). Under Minn. Stat. § 518A.39, if "the application of the child support guidelines in section 518A.35, to the current circumstances of the parties results in a calculated court order that is at least 20 percent and at least $75 per month higher or lower than the current support order," (1) it is presumed that there has been a substantial change in circumstances, and (2) the terms of the current support order "shall be rebuttably presumed to be unreasonable and unfair." Minn.Stat. § 518A.39, subd. 2(b). The party seeking a modification of child support has the burden to establish a substantial change in circumstances. *Gorz v. Gorz*, 552 N.W.2d 566, 569 (Minn.App. 1996).

■ Here, the district court, in applying the child-support guidelines in section 518A.35 to the parties' current circumstances, calculated a presumptive total child-support obligation of $278 per month, which reflects a reduction of more than 20 percent and $75 from father's previous total child-support obligation of $665 per month. Father argues that the district court, in calculating that presumptive obligation of $278, erroneously excluded the $432 monthly RSDI benefit that mother receives on behalf of the children based on father's RSDI eligibility. Thus, father argues, his newly calculated total child-support obligation should be $710 per month; $45 more than his previous total child-support obligation of $665 per month, and neither 20 percent nor $75 higher or lower than the previous order.

To determine whether the presumption of changed circumstances and the rebuttable presumption of unreasonableness and unfairness are present in a particular case, the modification provision of the child-support statute directs the district court to apply "the child support guidelines in section 518A.35" and compare the resulting "calculated court order" to the current court order. Minn.Stat. § 518A.39, subd. 2(b)(1).[4] Father contends that the newly calculated court order must be derived solely from the child-support guidelines found in section 518A.35 because the modification provision in section 518A.39, subdivision 2(b)(1) does not reference any other specific section of the child-support statute. But neither does section 518A.39, subdivision 2(b)(1) expressly limit the district court to applying only 518A.35.

■ The child-support statute does not define the phrase "calculated court order."

---

**4.** This case involves no assertion that the existence of the modification presumptions should be determined based on the parties' combined support obligations.

But "support order" is defined as including child-care support and medical support, which are provided under section 518A.34. Minn.Stat. § 518A.26, subd. 21 (2010). Indeed, under section 518A.34 the district court must adjust the "basic support" obligation—which is computed under section 518A.35—by applying a "parenting expense adjustment, if any," adding child-care-support and medical-support obligations, and subtracting the amount of social security benefits received by one parent on behalf of the children based on the other parent's eligibility. Minn.Stat. § 518A.34(b)(6), (f) (2010); *see also* Minn. Stat. § 518A.37, subds. 1–2 (2010) (referring to "the presumptive child support obligation computed under section 518A.34"). And section 518A.34(g) provides that "[t]he final child support order shall separately designate the amount owed for basic support, child care support, and medical support." Minn.Stat. § 518A.34(g). These provisions of the child-support statute indicate that a calculated court order is not derived solely from the child-support guidelines under section 518A.35, as father contends.

Consistent with this conclusion is section 518A.35 itself. Section 518A.35, subdivision 3(b), refers to "a basic support obligation *in* a child support order." Minn. Stat. § 518A.35, subd. 3(b) (2010) (emphasis added). This indicates that the basic support obligation calculated under section 518A.35 is merely one element of a broader court order. Moreover, section 518A.35 only provides the guidelines for computing the parents' combined "basic support" obligation based on the parents' "combined monthly parental income for determining child support (PICS)" and the number of joint children for whom support is being calculated. Minn.Stat. § 518A.35, subd. 2 (2010). In order to determine the obligor's individual share of the combined "basic support" obligation and the appropriate parenting expense adjustment—which the district court did here and which father does not dispute—the district court must apply Minn.Stat. § 518A.34 (2010).[5] And section 518A.35 requires application of other provisions of the child-support statute, such as the calculation of gross income provided in Minn.Stat. §§ 518A.29–.33 (2010).

This conclusion is consistent with the statutory language of previous versions of the child-support statute. *See Culver v. Culver,* 771 N.W.2d 547, 550 (Minn.App. 2009) (observing that legislative intent may be ascertained by considering, among other factors, any former law, including other laws addressing the same or similar subjects). For example, the 2004 version of the child-support statute contains language substantially similar to the current modification section except that it directs the district court to reference then-section 518.551, subdivision 5, which contained the prior version of the child-support guidelines, *plus* numerous additional factors, including the deduction of disability-insurance benefits that is now found in section 518A.34. Minn.Stat. §§ 518.551, subd. 5, .64, subd. 2(b)(1) (2004).

Thus, a calculated court order is not derived solely from the child-support guidelines under section 518A.35; rather, the child-support statute contemplates application of the entire calculation found in section 518A.34, including all adjustments made to the guidelines "basic support" amount, when determining whether the presumption of changed circumstances and the rebuttable presumption of unreason-

---

5. We observe that father challenges only the district court's calculation of *his* share of the child-support obligation, which cannot be calculated without application of other provisions of the child-support statute, including section 518A.34.

ableness and unfairness are present in a particular case.[6] Therefore, the district court did not err by calculating father's presumptive total child-support obligation as $278 per month, which is at least 20 percent and $75 lower than the previous court order, and father is not entitled to relief on this ground.

## II.

■ Father next argues that the district court erred by concluding that RSDI benefits paid to mother on behalf of the children cannot be applied as a credit toward his prospective child-support obligation. We agree. The application of the correct legal standard to undisputed facts presents a question of law, which we review de novo. *Davis v. Davis*, 631 N.W.2d 822, 828 (Minn.App.2001).

Section 518A.31(c) of Minnesota's child-support statute provides:

> If Social Security ... benefits are provided for a joint child based on the eligibility of the obligor, and are received by the obligee as a representative payee for the child or by the child attending school, then the amount of the benefits shall also be subtracted from the obligor's net child support obligation as calculated pursuant to section 518A.34.

Minn.Stat. § 518A.31(c) (2010); *see also* Minn.Stat. § 518A.26, subd. 19 (2010) (defining "Social Security benefits" to include RSDI benefits). And section 518A.34 provides that "[i]f Social Security benefits ... are received by one parent as a representative payee for a joint child based on the other parent's eligibility, the [district] court shall subtract the amount of benefits from the other parent's net child support obligation, if any." Minn.Stat. § 518A.34(f).

Here, mother received a lump-sum RSDI payment of $4,752 in June 2010 for the period of July 2009 through May 2010. The plain language of the child-support statute requires the subtraction of those benefits from father's net child-support obligation. Minn.Stat. §§ 518A.31(c), .34(f). Sections 518A.31(c) and 518A.34(f) make no exception for social security benefits paid as a lump sum to an obligee parent on behalf of joint children. Indeed, those sections do not provide for *any* distinction based on the manner in which social security benefits are received; rather, the district court must subtract from the obligor's net child-support obligation *all* social security benefits received by the obligee parent for a joint child based on the obligor parent's eligibility. Accordingly, father is entitled to a credit of $4,752 toward his net child-support obligation.

■ Father argues that this credit should be applied to both his child-support arrearages and his prospective child-support obligation. Father contends that the credit should be applied in the manner provided under Minn.Stat. § 518A.52, addressing child-support overpayments. Under that section, the district court is instructed to apply the overpayment to all arrearages and debts owed to the obligee, and thereafter to reduce the amount of prospective child-support payments by an amount no greater than 20 percent of the current monthly child-support obligation

6. We also observe father's interpretation of the modification provision of the child-support statute would require the district court, when deciding whether to modify a child-support order, to compare the amount of the original order derived from an application of the entire child-support calculation to the amount of a new court order derived from an application of only part of the child-support calculation. This asymmetric interpretation of the modification provision of the child-support statute would create a bias in the child-support system favoring modification.

until the overpayment is reduced to zero. But that section only applies if child support "is not assigned [to the public authority] under section 256.741." Minn.Stat. § 518A.52 (2010). Here, the record reflects that mother has assigned the rights to child support to the State of Minnesota.[7] Thus, section 518A.52 does not apply here.

■ Although the district court applied $1,764.15 of the lump-sum RSDI benefit to satisfy father's child-support arrearages, it determined that the remaining $2,987.85 was a windfall to the children, based on our decision in *Holmberg v. Holmberg*, 578 N.W.2d 817, 827 (Minn.App.1998), *aff'd* 588 N.W.2d 720 (Minn.1999). But in *Holmberg* we were interpreting the 1996 version of the child-support statute, which was substantively different than the current version of the statute and did not provide for the subtraction of social security disability benefits from an obligor's child-support obligation. The current language of sections 518A.31(c) and 518A.34(f) does not specify the manner in which the district court must subtract social security benefits from an obligor's child-support obligation, and does not limit the application of a credit to either arrearages or prospective obligations.[8] Thus, *Holmberg* is not pertinent here.

■ Under the current version of the child-support statute, the district court erred by declining to subtract the entire lump-sum RSDI payment received by mother from father's child-support obligation. Accordingly, we reverse that aspect of the district court's order and remand for the district court to exercise its discretion and apply the remaining $2,987.85 of the lump-sum RSDI benefit received by mother on behalf of the children as a credit toward father's prospective child-support obligation, in a manner that the district court deems appropriate.

## DECISION

The district court did not err by excluding the amount of social security disability benefits, received by mother on behalf of the parties' joint children based on father's eligibility, when determining a new presumptive child-support obligation under Minn.Stat. § 518A.39, subd. 2(b)(1). In addition, under the plain language of the current child-support statute, social security disability benefits paid to an obligee parent on behalf of joint children based on the obligor parent's eligibility must be subtracted from the obligor parent's child-support obligation. Minn.Stat. §§ 518A.31(c), .34(f). Because the child-support statute neither specifies the manner in which this amount is to be credited nor limits the application of this credit to either arrearages or prospective obligations, the district court must exercise its discretion in applying this credit. Here, the district court applied $1,764.15 of the $4,752 lump-sum RSDI benefits received by mother to satisfy father's child-support arrearages, which was within the district court's discretion. But we conclude that the district court misapplied *Holmberg* in declining to subtract the remaining $2,987.85 of those RSDI benefits from father's prospective child-support obligation. Accordingly, we reverse that aspect of the district court's order and remand for the

---

7. Moreover, section 518A.52 is limited to overpayment due to "a modification or error in the amount owed," whereas in the instant case father's overpayment is due to mother's receipt of a lump-sum RSDI payment.

8. We observe that if an obligor's social security benefit could be applied as a credit toward only arrearages or unpaid support, leaving any remainder as a windfall to the obligee, an obligor would have an incentive to withhold child-support payments while the obligor's social security benefits application was pending.

district court to exercise its discretion in applying a $2,987.85 credit toward father's prospective child-support obligation in a manner that it deems appropriate.

**Affirmed in part, reversed in part, and remanded.**