*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0612
A14-1681**

Hennepin County, petitioner,
Respondent,

Mamie Jegbadai, petitioner,
Respondent,

vs.

Gbenga Akinnola,
Appellant.

**Filed May 4, 2015
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-FA-09-8294

Michael O. Freeman, Hennepin County Attorney, Catherine Terese Fridgen, Theresa Farrell-Strauss, Assistant County Attorneys, Minneapolis, Minnesota (for respondent Hennepin County)

Mamie Jegbadai, Minneapolis, Minnesota (pro se respondent)

Gbenga Akinnola c/o Busayo Akinnola, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Stauber, Presiding Judge; Bjorkman, Judge; and Minge, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant-father challenges two orders denying his motions to modify his child-support obligation, arguing that the existing support obligation is erroneous because (1) it is based on his income at the time of the action to establish child support rather than his income at the time of the parties' separation, and (2) it does not account for his student-loan debt. We affirm.

**FACTS**

Appellant Gbenga Akinnola (father) and respondent Mamie Jegbadai (mother) were married in March 2006. Their only joint child, C.A., was born in May 2009. Father and mother separated shortly thereafter. Their marriage was dissolved in Florida in September 2011, but the Florida court reserved all issues of child support because it lacked jurisdiction over C.A.

C.A. continued to reside with mother in Minnesota, and mother received medical assistance from the state for C.A. In May 2013, respondent Hennepin County initiated an action on behalf of mother to establish child support. A hearing was scheduled for mid-July, and the county requested financial information from father. Father did not supply any documentation of his income or expenses but confirmed at the hearing that his annual income was approximately $70,000. On August 5, a child-support magistrate (CSM) ordered father to pay $761 in monthly child support and $23 in monthly childcare support, and to obtain medical and dental insurance for C.A. through his employer. The CSM also ordered father to reimburse the state $1,524 for past medical assistance and to

reimburse mother $12,905 for past basic child support. Father sought review of the CSM's order, and the district court affirmed. The district court also denied father's request to submit evidence of his debt obligations and other expenses, which he had not timely presented to the CSM. Father did not timely appeal the district court's order.[1]

On January 30, 2014, father moved to modify his child-support obligation, arguing that it should be reduced because of his student-loan debt. At the hearing on the motion, father testified that he was resigning his position because of discrimination and planned to take a part-time job working 20 hours per week at $12.50 per hour; in addressing his potential income, father urged the CSM to consider that he had been earning only $12 per hour as recently as 2012. Father also asserted that he was attending law school. The CSM denied father's motion, finding that father "plans to be voluntarily unemployed" and failed to show a bona fide career change for child-support purposes. The CSM also declined to consider father's student-loan debt. Father requested reconsideration, which the CSM denied. Father appealed; we stayed the appeal to allow the parties to mediate.

On April 1, father again moved to modify his child-support obligations based on his student-loan debt. At the hearing on father's second modification motion, father testified that he had not resigned but had been discharged, and that he was receiving unemployment benefits. The CSM discredited these assertions, noting that both are inconsistent with father's previous representations and that father presented no

---

[1] Father sought reconsideration, and the district court filed two additional orders clarifying its original order and affirming the CSM's order. Father appealed the last of these orders and sought thereby to challenge the district court's affirmance of the CSM's order. We dismissed the appeal as untimely.

3

corroborating documentation. The CSM found that father's "circumstances are unchanged from those existing at the time of the last hearing" and that he is "voluntarily unemployed and capable of earning sufficient income to meet the existing support obligations." Accordingly, the CSM denied father's modification motion. Father sought review, and the district court affirmed the CSM's order in all respects. Father appealed the district court's order. We vacated the stay in father's pending appeal from the CSM's order and consolidated the two appeals.

## DECISION

A district court may modify an existing child-support order upon a showing that a substantial change in circumstances has occurred and that the change makes the terms of the existing order unreasonable and unfair. Minn. Stat. § 518A.39, subd. 2(a) (2014). The moving party has the burden of demonstrating both a substantial change in circumstances and the resulting unfairness and unreasonableness. *Rose v. Rose*, 765 N.W.2d 142, 145 (Minn. App. 2009). We review the denial of a motion to modify child support for abuse of discretion. *See Putz v. Putz*, 645 N.W.2d 343, 352 (Minn. 2002).

Father largely failed to address the modification standard in his argument to the CSM and district court and does not address it on appeal.[2] Instead, he argues that the existing support obligation is erroneous, unreasonable, and unfair because (1) it is based

---

[2] In support of his modification motions, father alleged one changed circumstance—a change in his employment. The district court declined to modify child support on this basis because it determined that father is voluntarily unemployed. Father initially noticed a challenge to this determination but expressly waived the argument in his principal brief, stating that he "is no longer pursuing the issue." Accordingly, we decline to address this issue.

4

on his income in mid-2013, rather than his significantly lower income in April 2009, when the parties separated, and (2) it does not account for the student-loan debt he incurred in achieving the higher income level. Neither claimed error warrants reversal because neither implicates a legal basis to modify father's child-support obligation. Only a substantial change in circumstances may justify a modification, and father neither claims nor substantiates any such change. Accordingly, we discern no abuse of discretion in the denial of father's motions to modify child support.

Moreover, we observe that father had ample opportunity to litigate the issues he now raises. In mid-2013, when the county initiated the child-support proceeding, it asked father to supply his financial information; he failed to do so. Since then, he has repeatedly disputed what income and debt evidence should be considered in determining his support obligation, often through untimely and improperly filed submissions. And despite these procedural deficiencies, the CSM and district court have repeatedly considered and rejected father's substantive arguments. He may not continue to litigate these issues indefinitely. *See Maschoff v. Leiding*, 696 N.W.2d 834, 838 (Minn. App. 2005) (noting that, even in family-law matters, "an adjudication on the merits of an issue is conclusive, and should not be relitigated" (quotation omitted)).

**Affirmed.**