*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0087**

In re the Marriage of:

Emily Lynn Rasmussen, petitioner,
Respondent,

vs.

Nicholas Steven Rasmussen,
Appellant.

**Filed January 8, 2024**
**Reversed and remanded**
**Klaphake, Judge***

Hennepin County District Court
File No. 27-FA-16-5261

Timothy D. Lees, Lees Family Law, Ltd., Edina, Minnesota (for respondent)

John T. Burns, Jr., Burns Law Office, Burnsville, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Klaphake, Judge.

**NONPRECEDENTIAL OPINION**

**KLAPHAKE**, Judge

Appellant-father challenges the district court's affirmance of the child-support magistrate's (CSM's) order denying his motion to modify child support, arguing the district

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

court erred when it (1) granted respondent-mother a nonjoint-child deduction, (2) designated mother as the party responsible for the joint child's healthcare coverage, and (3) denied his motion to modify child support, finding there had not been a substantial change in circumstances that made the existing order unreasonable and unfair. The district court misapplied the law when it applied the child-support guidelines to the party's prospective circumstances when granting respondent-mother a nonjoint-child deduction. In addition, the district court's designation of mother as the party responsible for the joint child's healthcare coverage is not supported by adequate findings. Because these issues affect whether there had been a substantial change in circumstances that made the existing order unreasonable and unfair and, ultimately, a decision on father's motion to modify, we reverse and remand. On remand, the district court may reopen the record at its discretion to permit consideration of relevant events that have occurred since its order denying father's motion to modify.

## DECISION

When a district court affirms a CSM's decision, the district court implicitly adopts the CSM's decision and it becomes part of the district court's order and, subject to appellate review. *See* Minn. R. Gen. Prac. 378.01 (noting review may be taken from final ruling of CSM "or" district court's order deciding motion for review); *see also Kilpatrick v. Kilpatrick*, 673 N.W.2d 528, 530 n.2 (Minn. App. 2004). We review a district court's factual findings for clear error, *Suleski v. Rupe*, 855 N.W.2d 330, 334 (Minn. App. 2014), questions of law de novo; *Haefele v. Haefele*, 837 N.W.2d 703, 708 (Minn. 2013), and the ultimate decision of whether to modify child support for an abuse of discretion,

2

*Gully v. Gully*, 599 N.W.2d 814, 820 (Minn. 1999). "A district court abuses its discretion by making findings of fact that are unsupported by the evidence, misapplying the law, or delivering a decision that is against logic and the facts on record." *Woolsey v. Woolsey*, 975 N.W.2d 502, 506 (Minn. 2022) (quotation omitted).

A district court may modify an existing child-support order if the moving party shows that a substantial change in circumstances has occurred that makes the existing order unreasonable and unfair. Minn. Stat. § 518A.39, subd. 2(a) (2022). Two bases that allow a modification are: (1) a substantial change in the obligor's or obligee's gross income; and (2) a change in availability of appropriate healthcare coverage, or a substantial change in healthcare coverage costs. *Id.* The moving party bears the burden of proving both that there has been a substantial change in circumstances, and that the change makes the existing order unreasonable and unfair. *Hecker v. Hecker*, 568 N.W.2d 705, 709 (Minn. 1997).

If application of the child-support guidelines to the parties' current circumstances results in a calculated order that is at least 20% and $75 per month different from the existing support order, it is presumed that there has been a substantial change in circumstances and there is a rebuttable presumption that the existing support order is unreasonable and unfair.[1] Minn. Stat. § 518A.39, subd. 2(b)(1) (2022); *Rose v. Rose*, 765 N.W.2d 142, 145 (Minn. App. 2009).

---

[1] To determine whether the presumptions apply, the relevant amount for comparison is the obligor's total child-support obligation, not their basic support obligation. Minn. Stat. §§ 518A.34-.35 (2022); *see also County of Grant v. Koser*, 809 N.W.2d 237, 242 (Minn. App. 2012) (explaining that the support statutes contemplate "including all adjustments

As the party moving for modification, father bore the burden of proving that a substantial change in circumstances had occurred and that the change made the existing order unreasonable and unfair. Father based his motion for modification on his new income, mother's income verification, mother's underemployment, his eligibility for a nonjoint-child deduction, and his newly available healthcare coverage. *See* Minn. Stat. § 518A.39, subd. 2 (2022). The CSM imputed potential gross income to mother, granted both parties nonjoint-child deductions, designated mother as the party responsible for the joint child's healthcare coverage, and denied father's motion to modify. It found father had not met his burden of proving that there had been a substantial change in circumstances that made the existing order unreasonable and unfair because application of the child-support guidelines to the parties' current circumstances resulted in a calculated order of $758 per month, which was not 20% and $75 per month less than the existing support order of $835 per month. The district court affirmed the CSM's order.

First, father argues that the district court erred in granting mother a nonjoint-child deduction. Second, father argues that the district court erred in designating mother as the party responsible for the joint child's healthcare coverage. Finally, father argues that but for these errors, he would have met his burden of proving that a substantial change in circumstances had occurred that made the existing child-support order unfair and

made to the guidelines 'basic support' amount" when determining whether the presumptions apply), *abrogated by In re Dakota County*, 866 N.W.2d 905, 911 (Minn. 2015).

unreasonable, which would have required granting his motion to modify.[2] We address father's arguments in turn.

### Nonjoint-Child Deduction

First, father challenges the district court's grant of a nonjoint-child deduction to mother when mother was expecting but had not yet given birth to a nonjoint child. Father argues that the district court erred in failing to apply the child-support guidelines to the parties' *current* circumstances, as required under Minn. Stat. § 518A.39, subd. 2(b)(1). We agree.

The parties' "current circumstances," under Minn. Stat. § 518A.39, subd. 2(b)(1), means "their circumstances at the time of the motion to modify." *Maschoff v. Leiding*, 696 N.W.2d 834, 840 (Minn. App. 2005). A party is entitled to a deduction in gross income if they are "legally responsible for a nonjoint child." Minn. Stat. § 518A.33(a)-(b) (2022).

Here, when father moved to modify child support, mother was not yet legally responsible for a nonjoint child because the child was not yet born.[3] Because the district

---

[2] Father argues that, but for the nonjoint-child deduction and healthcare designation errors, together, application of the child-support guidelines to the parties' current circumstances would have resulted in a total child-support order of $490 per month, which is 41% and $345 less than the existing support order. Alternatively, father argues that, but for the healthcare designation error, alone, application of the child-support guidelines to the parties' current circumstances would have resulted in a total child-support order of $528 per month, which is 37% or $307 less than the existing support order.

[3] Mother was due to give birth to the non-joint child approximately 4 to 5 months after father moved to modify custody.

court misapplied the law when it applied the child-support guidelines to the parties' *prospective* circumstances, we reverse and remand on this issue.[4]

### *More Appropriate Healthcare Coverage*

Second, father challenges the district court's designation of mother as the party responsible for the joint child's healthcare coverage. Father argues that the district court erred in determining the appropriateness of the parties' healthcare coverage for the joint child, as required under Minn. Stat. § 518.41, subd. 3 (2022). Since the record is insufficient to allow appellate review of the appropriateness of the district court's decision, we reverse and remand for further findings on the factors set forth in Minn. Stat. § 518.41, subd. 3.

Healthcare coverage "means medical, dental, or other healthcare benefits that are provided by one or more health plans." Minn. Stat. § 518A.41, subd. 1(a) (2022). When a joint child is enrolled in healthcare coverage, the district court must "continue that enrollment unless the parties agree otherwise, or a party requests a change in coverage and the [district] court determines that other healthcare coverage is more appropriate." Minn. Stat. § 518A.41, subd. 4(a) (2022). In determining which parent has the more appropriate healthcare coverage for the joint child, the court must consider four factors:

---

[4] Nothing in this opinion should be construed as restricting the district court's authority to correct father's obligation for the months before mother's nonjoint child was born and readjust his obligation for the months since the nonjoint child's birth, if it is shown that the child was born, and that mother is legally responsible for that child.

(1) comprehensiveness, (2) accessibility, (3) special medical needs, and (4) affordability.[5] Minn. Stat. § 518A.41, subd. 3(1)-(4) (2022).

Here, father requested a change in the joint child's healthcare coverage from mother's plan to his plan when he moved to modify child support. *See* Minn. Stat. § 518A.39, subd. 2(a). Therefore, the district court was required to consider the statutory factors to determine the most appropriate healthcare coverage. Minn. Stat. § 518A.41, subds. 3, 4(a) (2022). The parties offered conflicting evidence of the comprehensiveness, accessibility, and affordability of their plans. The district court found that the joint child was "enrolled in appropriate health and dental coverage provided by the [mother] through her employer," but it failed to make clear findings that mother's healthcare coverage was more appropriate than father's coverage based on an analysis of the statutory factors. While Minn. Stat. § 518A.41, subd. 3, does not explicitly require a district court to make written findings on these factors, caselaw suggests that, usually, findings regarding the factors may be required. *See, e.g.*, *Rosenfeld v. Rosenfeld*, 249 N.W.2d 168, 171 (Minn. 1976) (stating, in a custody dispute, that findings on the statutory factors are required because they "(1) assure consideration of the statutory factors by the family court; (2) facilitate appellate review of the family court's custody decision; and (3) satisfy the parties that this important decision was carefully and fairly considered by the family court"); *Hesse v. Hesse*, 778 N.W.2d 98, 104 (Minn. App. 2009) ("Findings should assure

---

[5] The parties agree that the third factor, special medical needs, is not relevant to the district court's analysis.

that the relevant statutory factors have been addressed, satisfy the litigants that their case was fairly resolved, and permit reasoned appellate review.").

Based on our review of the order denying father's motion to modify child support, it is unclear whether the statutory factors were considered. Without specific findings comparing the appropriateness of the parties' healthcare coverage based on the plans' comprehensiveness, accessibility, and affordability, we are unable to address father's challenge to the district court's designation of mother as the party responsible for the joint child's healthcare coverage. *Maschoff*, 696 N.W.2d at 840 ("Unless a support order provides a baseline for future modification motions by reciting the parties' then-existing circumstances, the litigation of a later motion to modify that order becomes unnecessarily complicated because it requires the parties to litigate not only their circumstances at the time of the motion, but also their circumstances at the time of the order sought to be modified."). Because the factual findings before us do not permit adequate review of the district court's designation of mother as the party responsible for the joint child's healthcare coverage, we reverse and remand for further findings on the appropriateness of the parties' healthcare coverage based on the statutory factors set forth in Minn. Stat. § 518A.41, subd. 3.

### *Denial of Motion to Modify*

Finally, father challenges the district court's denial of his motion to modify, arguing that it erred in finding there had not been a substantial change in circumstances that made the existing child-support order unreasonable and unfair, as required under Minn. Stat. § 518A.39, subd. 2(b)(1). Because the first two issues affect a determination of whether

8

father met his burden of proof, we reverse and remand for a redetermination on whether there had been a substantial change in circumstances that made the existing order unreasonable and unfair and, ultimately, a decision on father's motion to modify in light of that determination. On remand, the district court may reopen the record at its discretion to permit consideration of relevant events that have occurred since its order denying father's motion to modify.

**Reversed and remanded.**